# EXHIBIT 2

Case 2:26-cv-00096    Document 1-2    Filed 02/05/26    PageID.20    Page 1 of 8



February 3, 2026

**SENT VIA ELECTRONIC MAIL**

David Dodds, Public Works Director
(dave.dodds@garfield.utah.gov)
Barry Huntington, County Attorney
(barry.huntington@garfield.utah.gov)
Garfield County
55 S Main Street
P.O. Box 77
Panguitch, UT 84759

Kathy Davis (kathydavis@agutah.gov)
K. Tess Davis (kaitlindavis@agutah.gov)
Roger Fairbanks (rfairbanks@agutah.gov)
Utah Attorney General's Office
1594 W North Temple, Ste 320
Salt Lake City, UT 84116

Mark Boshell (mboshell@utah.gov)
Utah's Public Lands Policy Coordinating Office
1594 W North Temple, Ste 320
Salt Lake City, UT 84116

> RE: Garfield County's January 27, 2026 "Notice of Maintenance Activities on G9000 Hole-in-the-Rock Road (RS 2477 Right of Way)"

Dear Mr. Dodds and counsel:

The Southern Utah Wilderness Alliance ("SUWA") has become aware of Garfield County's January 27, 2026 notice informing the Bureau of Land Management ("BLM") of "planned maintenance, upgrades, and restoration activities on the G9000 Hole-in-the-Rock Road." Letter from David Dodds, Garfield Cnty., Utah to Adé Nelson, Bureau of Land Mgmt., *Re: Notice of Maintenance Activities on G9000 Hole-in-the-Rock Road (RS 2477 Right of Way)*, 1 (Jan. 27, 2026) ("Notice") (attached as Ex. 1).

Although the Notice purports to describe its anticipated activities as "maintenance," many of the activities described are, in fact, "improvements" under Tenth Circuit law,[1] including but not limited to "reshaping the existing roadway and road prism," "[i]nstallation…of drainage features including culverts," and "[s]urfacing with a double chip seal treatment." *Id.* at 1-2. Consequently, for the reasons explained below, the activities described in the Notice are unauthorized and violate federal law.

---

[1] "Improvements" are defined to include

> the widening of the road, the horizontal or vertical realignment of the road, the installation (as distinguished from cleaning, repair, or replacement in kind) of bridges, culverts and other drainage structures, as well as any significant change in the surface composition of the road (*e.g.*, going from dirt to gravel, from gravel to chipseal, from chipseal to asphalt, etc.)

*S. Utah Wilderness All. v. U.S. Bureau of Land Mgmt.*, 725 F.3d 735, 749 (10th Cir. 2005) ("*SUWA v. BLM*").

*Letter from SUWA to Garfield County & the State of Utah*
*Proposed Maintenance & Improvements on the G9000 Hole-in-the-Rock Road*
*February 3, 2026*

*First*, title has not been <u>fully</u> quieted in favor of Garfield County and the State of Utah and therefore the work is not authorized. As the Tenth Circuit has made clear, quieting title to an R.S. 2477 right-of-way under the Quiet Title Act, 28 U.S.C. § 2409a, requires both a title determination in favor of the claimant and <u>a scope determination</u> before the right-of-way is deemed adjudicated. *Kane Cnty. v. United States*, 928 F.3d 877, 894 (10th Cir. 2019) (explaining that "scope is inherent in the quiet title process… [b]ut the district court must determine title and scope in separate steps."); *see also Kane Cnty. v. United States*, 772 F.3d 1205, 1225 (10th Cir. 2014) (remanding for the district court to reexamine the scope of three rights-of-way while leaving the title determinations of those rights-of-way undisturbed). Without the necessary scope determination, there is no way to know what the extent of the title determination is. Here, the district court's July 23, 2025 decision in *Kane County, Utah v. United States*, 2025 U.S. Dist. LEXIS 141248 (D. Utah 2025)[2] ("*HITR Decision*") only addressed title to the Hole-in-the-Rock Road while reserving a scope determination for an unspecified later date. *See HITR Decision*, 2025 U.S. Dist. LEXIS at *8 ("Issues pertaining to scope are reserved for later proceedings."). Thus, the G9000 Hole-in-the-Rock Road has not yet been fully adjudicated under the Quiet Title Act in Garfield County and the State of Utah's favor. Until then, Garfield County is not authorized to conduct the activities described in the Notice. *See* 28 U.S.C. § 2409a(b) ("[t]he United States shall not be disturbed in possession or control of any real property involved in any action . . . pending a final judgment or decree, the conclusion of any appeal therefrom, and [for] sixty days [thereafter]…").

*Second*, even if there had been a scope determination for the G9000 Hole-in-the-Rock Road, Garfield County and the State of Utah still do not have unilateral authority to make road improvements. Tenth Circuit precedent requires that the State and County consult with the United States over any desired improvements to the road and allow the United States to evaluate whether the proposed improvement(s) are "reasonable and necessary in light of the traditional uses of the rights of way as of October 21, 1976, to study potential effects, and if appropriate, to formulate alternatives that serve to protect the lands." *SUWA v. BLM*, 725 F.3d at 748.

Many of the activities proposed in the Notice constitute improvements under Tenth Circuit law, not mere maintenance as Garfield County purports to describe them. The following table clearly identifies, in accordance with *SUWA v. BLM*, which activities listed by Garfield County are considered maintenance and which fall under the definition of improvements.

---

[2] *Kane County v. United States* is the caption for the lead case. However, the court's decision was also filed in *Garfield County v. United States*, 2:11-cv-1045.

*Letter from SUWA to Garfield County & the State of Utah*
*Proposed Maintenance & Improvements on the G9000 Hole-in-the-Rock Road*
*February 3, 2026*

| Proposed Activity | Activity Classification |
|---|---|
| Grading the roadway | Maintenance |
| Reshaping the roadway | Improvement (*e.g.*, widening the road or horizontally/vertically realigning the road) |
| Placement of bar ditches | Improvement (change in the nature of the road) |
| Cleaning of existing bar ditches | Maintenance |
| Installation of drainage features including culverts | Improvement |
| Replacement and maintenance of existing drainage features including culverts | Maintenance |
| Maintenance of lead off ditches | Maintenance |
| Placement of gravel to stabilize the road surface | Maintenance |
| Surfacing with a double chip seal treatment for 10 miles of the roadway | Improvement (upgrading the road surface from gravel to chip seal) |

*See* Notice at 1-2; *SUWA v. BLM*, 425 F.3d at 749. This means Garfield County must consult with BLM and cannot proceed with any proposed improvements listed above until:

1. BLM determines that the improvements are reasonable and necessary in light of the traditional uses of the Hole-in-the-Rock Road as of Oct. 21, 1976, and

2. BLM complies with all environmental review requirements mandated by the National Environmental Policy Act ("NEPA"), 42 U.S.C. 4331, *et seq*, and other applicable federal laws and regulations.

*SUWA v. BLM*, 425 F.3d at 748; *S. Utah Wilderness All. v. U.S. Dep't of the Interior*, 44 F.4th 1264, 1269 (10th Cir. 2022).

To be best of SUWA's knowledge, no such consultation has occurred, yet Garfield County has already unlawfully begun construction on improvements to the Hole-in-the-Rock Road and is therefore trespassing on federally managed public lands. *See SUWA v. BLM*, 425 F.3d at 747-48 (explaining that unilaterally making improvements to an R.S. 2477 right-of-way constitutes trespass). **Garfield County must immediately cease all road work and refrain from undertaking any of the aforementioned improvements on the G9000 Hole-in-the-Rock Road until consultation is complete.** If BLM ultimately determines the proposed improvements are not reasonable and necessary in light of the traditional uses of the Hole-in-the-Rock Road, then Garfield County will not be authorized to proceed with those improvements. *See SUWA v. BLM*, 425 F.3d at 748 ("[i]n the event of disagreement, the parties may resort to the courts.").

3

*Letter from SUWA to Garfield County & the State of Utah*
*Proposed Maintenance & Improvements on the G9000 Hole-in-the-Rock Road*
*February 3, 2026*

Please provide written confirmation by close of business on February 4, 2026 of Garfield County's and the State of Utah's assurances that it will abide by binding federal law and the demands in this letter. If Garfield County and the State are unwilling to provide such assurances, SUWA intends to pursue all available legal remedies that may be available to it. This letter is not intended to be a complete statement of SUWA's rights or remedies, all of which are expressly reserved.

SUWA appreciates your prompt attention to this matter.

                    Sincerely,

*[Signature: Hanna Larsen]*

Hanna Larsen
Steve Bloch
Southern Utah Wilderness Alliance
425 E 100 S
Salt Lake City, UT 84111
hanna@suwa.org
steve@suwa.org

Mitch Longson
Manning Curtis Bradshaw & Bednar PLLC
201 South Main Street, Ste. 750
Salt Lake City, UT 84111
mlongson@mc2b.com

Trevor Lee
Hoggan Lee Hutchinson
257 E 200 S, #1050
Salt Lake City, UT 84111
trevor@hlh.law

*Attorneys for the Southern Utah Wilderness Alliance*

Cc:
Joseph Kim, Trial Attorney
Environmental and Natural Resources Division
United States Department of Justice

Adé Nelson, Monument Manager
Grand Staircase-Escalante National Monument
United States Bureau of Land Management

4

# EXHIBIT 1



55 South Main Street │·PO Box 77 │·Panguitch, Utah 84759
Phone: (435) 676-8826·│ Fax: (435) 676-8239

Garfield County Public Works Department
P.O. Box 77
Panguitch, UT 84759

January 27, 2026

Adé Nelson
Monument Manager
Grand Staircase-Escalante National Monument
Bureau of Land Management
669 S. Highway 89A
Kanab, UT 84741

Re: Notice of Maintenance Activities on G9000 Hole-in-the-Rock Road (RS 2477 Right of Way)

Dear Ms. Nelson,

Garfield County provides this notice to inform the Bureau of Land Management of planned maintenance, upgrades, and restoration activities on the G9000 Hole-in-the-Rock Road within Garfield County.

On July 23, 2025, the United States District Court for the District of Utah issued a Memorandum Decision and Order, Case No. 2:11-cv-01045, quieting title to the G9000 Hole-in-the-Rock Road in favor of Garfield County, Utah, and the State of Utah as a valid RS 2477 right of way. The court granted summary judgment to Garfield County and the State of Utah pursuant to the Quiet Title Act, 28 U.S.C. § 2409a. That decision confirms Garfield County's ownership interest in and responsibility for the road corridor.

Consistent with that ruling and with Garfield County's responsibility to provide safe and functional transportation infrastructure, the County intends to conduct maintenance, upgrades, and restoration activities on this road to address the significant volume of public and recreational traffic.

Planned work includes the following activities:

• Grading and reshaping the existing roadway and road prism to restore and maintain a proper running surface and drainage, including removal and reshaping of accumulated edge berms and restoration of proper cross slope.

• Placement and cleaning of bar ditches

• Installation, replacement, and maintenance of drainage features including culverts

• Maintenance of lead off ditches, sometimes referred to as relief ditches, to direct runoff away from the road prism

• Placement of gravel where needed to stabilize the road surface

The roadway grading and road prism improvements described above will extend to the Garfield County and Kane County line. Surfacing with a double chip seal treatment will be applied to approximately ten miles of the roadway.

The overall purpose of this work is to improve safety, durability, and drainage performance of the road, reduce long term maintenance costs, and address sustained and increasing traffic volumes, while maintaining the road within its established alignment and use as a transportation corridor. This work is also intended to reduce environmental impacts through improved dust abatement and reduced erosion of the road and surrounding landscape.

Garfield County is providing this notice as a consolation and in the interest of interagency coordination. Please contact me if you have questions or would like additional information regarding the planned work.

Sincerely,


Public Works Director
Garfield County

*County Commissioners*
Leland F. Pollock
Jerry A. Taylor
David B. Tebbs

Camille A. Moore, *Auditor/Clerk*
Brayton Talbot, *Recorder/Surveyor*
Joseph Thompson, *Assessor*
Gina Peterson, *Treasurer*

Gary D. Owens, *Justice Court Judge*
Barry L. Huntington, *Attorney*
James D. Perkins, *Sheriff*