IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>    Plaintiff,<br><br>v.<br><br>GARFIELD COUNTY, et al.,<br><br>    Defendants. | **ORDER DENYING MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:26-cv-00096<br><br>District Judge Ann Marie McIff Allen |

Plaintiff Southern Utah Wilderness Alliance ("SUWA") has sued Defendants Garfield County, Utah, the State of Utah, the U.S. Department of the Interior (the "DOI"), and the U.S. Bureau of Land Management (the "BLM") in an effort to halt work on the "G9000" stretch of the Hole-in-the-Rock Road in the Grand Staircase-Escalante National Monument. SUWA asks the Court to stop the road work immediately by entering an ex parte temporary restraining order ("TRO").[1] As explained further below, the Court will deny this request.

## BACKGROUND

Nearly 160 years ago, Congress granted a general "right of way for the construction of highways over public lands, not reserved for public uses."[2] This statute is often referred to as "R.S. 2477." Congress repealed R.S. 2477 in 1976, but in so doing, it provided that preexisting

---

[1] SUWA also moves the Court for a preliminary injunction, *see* Dkt. No. 18 at 1, but for the time being, the Court will only address SUWA's request for an ex parte TRO.
[2] Act of July 26, 1866, ch. 262, § 8, 14 Stat. 251, 253.

rights-of-way established under R.S. 2477 would remain in force.[3] Since then, there has been extensive litigation about the existence and scope of pre-1976 rights-of-way.[4]

The G9000 section of the Hole-in-the-Rock Road itself has been the subject of R.S. 2477 litigation. In 2025, the Honorable Clark Waddoups issued a Memorandum Decision in which he concluded that Garfield County and the State have a right-of-way on the G9000 portion of the Hole-in-the-Rock Road.[5] Judge Waddoups advised, however, that "[i]ssues pertaining to [the] scope" of that right-of-way would be "reserved for later proceedings."[6] Those later proceedings have not yet occurred.

More recently, on January 27, 2026, Garfield County informed the BLM of "planned maintenance, upgrades, and restoration activities on the G9000 Hole-in-the-Rock Road."[7] Among its planned activities, Garfield County listed the following: "[g]rading and reshaping the existing roadway . . . to maintain a proper running surface and drainage"; "[p]lacement and cleaning of bar ditches"; "[i]nstallation, replacement, and maintenance of drainage features including culverts"; and "[s]urfacing with a double chip seal treatment."[8]

In a response dated February 4, 2026, the BLM acknowledged receipt of Garfield County's letter and also observed that "some of the planned road work" was already in progress.[9] The BLM "request[ed] additional details" about the road work, noting that Garfield County seemingly

---

[3] *See* Federal Land and Policy Management Act of 1976 ("FLPMA"), Pub. L. No. 94-579 § 701(a), 90 Stat. 2743, 2786.
[4] *See S. Utah Wilderness Alliance v. Bureau of Land Mgmt.*, 425 F.3d 735, 741–42 (10th Cir. 2005) [hereinafter *SUWA v. BLM*].
[5] *See Kane Cnty. v. United States*, Nos. 2:10-cv-1073, 2:11-cv-1031, 2:12-cv-476, 2:11-cv-1045, 2025 WL 2061989, at *2 (D. Utah July 23, 2025).
[6] *Id.* at *1.
[7] Dkt. No. 1-1 at 2. Pinpoint citations to documents in the record refer to the electronic page numbers generated by CM/ECF.
[8] *Id.* at 2–3.
[9] Dkt. No. 1-6 at 2.

intended to make "improvements beyond routine maintenance," which, pursuant to *SUWA v. BLM*, required consultation with the BLM in advance.[10]

Meanwhile, SUWA caught wind of the planned road work and wrote to Garfield County and the State to oppose it.[11] In a letter dated February 3, 2026, SUWA asserted that the proposed construction was unlawful because the scope of the right-of-way held by Garfield County and the State had not been adjudicated and the planned work involved "improvements" requiring advance consultation with the BLM.[12] In reply, the State simply advised that "[t]he work presently being undertaken . . . does not differ from [Garfield County's] historical maintenance and operation of the road."[13]

At this juncture, the Court is not aware of any action—aside from the aforementioned letter—that the BLM has taken to address Garfield County's work on the road. Meanwhile, SUWA says that Garfield County is plowing ahead with its allegedly unlawful construction plans. Hence this lawsuit and the pending request for an ex parte TRO.

SUWA raises two claims. First, it alleges that all Defendants have violated the "federal common law" by making or acquiescing to improvements on the G9000 section of the Hole-in-the-Rock Road without a fully adjudicated right-of-way or, at the very least, advance consultation between Garfield County and the BLM.[14] Second, SUWA alleges that the BLM and the DOI have violated the FLPMA and the Administrative Procedure Act (the "APA") by failing to insist that Garfield County engage in the required consultation process and shirking their duty to prevent needless damage to public lands.[15]

---

[10] *Id.* at 2–3.
[11] Dkt. No. 1-2 at 2.
[12] *Id.* at 2–4.
[13] Dkt. No. 1-3 at 2.
[14] Dkt. No. 1 at 11–13.
[15] *See id.* at 13–14.

In requesting injunctive relief, SUWA makes arguments about all the applicable factors, contending that it is likely to succeed on the merits of both its claims, that Garfield County's construction activities have caused and will continue to cause irreversible harm to the environment, and that equitable considerations and the public interest weigh in favor of enjoining the road work.[16] SUWA further avers that ex parte relief is warranted because Garfield County's actions are causing ongoing irreparable harm.[17]

## DISCUSSION

An ex parte TRO may be appropriate where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Even so, a court may not grant injunctive relief where the requesting party lacks standing. *See Baca v. King*, 92 F.3d 1031, 1035 (10th Cir. 1996) ("Standing is a threshold requirement . . . ."). As is notable here, the requirement of standing involves "both constitutional limitations on federal court jurisdiction . . . and prudential limitations on the exercise of that jurisdiction." *Id.* Among other things, the prudential aspect of standing incorporates the principle that a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Wilderness Soc'y v. Kane Cnty.*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Critically, prudential standing may bar relief where a private plaintiff "rests its claim on the federal government's property rights." *Id.* at 1170; *see also id.* at 1164–65, 1170–72 (holding that environmental advocacy group lacked prudential standing to "challeng[e] a local government's . . . assertion of R.S. 2477 rights of way over federal lands").

---

[16] *See* Dkt. No. 18 at 15–24.
[17] *Id.* at 2–5.

4

Here, SUWA's arguments hint at a potential question of prudential standing.[18] For example, according to SUWA, absent full adjudication of the right-of-way belonging to Garfield County and the State, "[t]he United States shall not be disturbed in possession or control of any real property involved in any action."[19] With this contention, SUWA suggests that it is trying to vindicate the government's rights with respect to the Hole-in-the-Rock Road. SUWA's arguments under the FLPMA that Garfield County is required to consult with the BLM and that the BLM should intercede to stop the road work also seem like attempts to enforce or compel the exercise of the government's rights.[20] And yet, nothing in SUWA's papers addresses prudential standing. Without more information on this "threshold requirement," *Baca*, 92 F.3d at 1035, the Court will not grant a TRO.

## CONCLUSION & ORDER

Based on the foregoing, SUWA's motion (Dkt. No. 18) is DENIED to the extent it seeks an ex parte TRO. SUWA's request for a preliminary injunction remains pending. This matter is set for a status conference via Zoom on February 11, 2026, at 11:30 AM (MST).

DATED this 10th day of February 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge

---

[18] *See* Dkt. No. 18 at 14–19.
[19] *Id.* at 14 (alteration in original) (quoting 28 U.S.C. § 2409a(b)).
[20] *See id.* at 14–19. Moreover, while SUWA also asserts that the BLM and the DOI have violated the APA, it does not specify which provision of that statute has been breached. *See* Dkt. No. 1 at 13–14.