Stephen H.M. Bloch (#7813)
Hanna Larsen (#18458)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
Telephone: (801) 486-3161
steve@suwa.org
hanna@suwa.org

*Attorneys for Plaintiff*
*Southern Utah Wilderness Alliance*

Mitch M. Longson (#15661)
MANNING CURTIS BRADSHAW & BEDNAR PLLC
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 363-5678
mlongson@mc2b.com

Trevor J. Lee (#16703)
HOGGAN LEE HUTCHINSON
257 E 200 S, #1050
Salt Lake City, UT 84111
Telephone: (435) 615-2264
trevor@hlh.law

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SOUTHERN UTAH WILDERNESS ALLIANCE**, <br><br> Plaintiff, <br><br> v. <br><br> **GARFIELD COUNTY, UTAH** *et al.*, <br><br> Defendants. | **PLAINTIFF'S MOTION TO STAY PROCEEDINGS** <br><br> Case No. 2:26-cv-00096-AMA-PK <br><br> District Judge Ann Marie McIff Allen <br> Magistrate Judge Paul Kohler |

As instructed by the Court at the February 11, 2026 status conference, the parties have met and conferred regarding next steps in the above-captioned matter but were unable to come to an agreement. Therefore, in lieu of a proposed preliminary injunction briefing schedule[1] and in accordance with Federal Rule of Civil Procedure 16(b)(1)(B) and DUCivR 7-1(a)(4)(D), Plaintiff

---

[1] Contemporaneously with this filing, SUWA has withdrawn its motion for preliminary injunction (ECF No. 36).

Southern Utah Wilderness Alliance ("SUWA") hereby moves this Court to stay all proceedings in the above-captioned matter until the Defendants complete the consultation process.

SUWA filed this case based on the representations from Garfield County (Garfield County and the State of Utah are referred to herein collectively as, "the County") that they intended to engage in work on the Hole-in-the-Rock Road (the "Road"), including chip sealing. Since the filing of this case and SUWA's Motion for Preliminary Injunction, the County has changed course and now represents that it will not proceed with chip sealing the Road until completion of the consultation process with the Bureau of Land Management ("BLM"). Based on that change in position, SUWA no longer needs or seeks the relief sought in its Motion for Preliminary Injunction, at least until the consultation process is completed. Thus, a stay is appropriate to avoid wasting the parties' and Court's resources in litigating a potentially moot issue, while permitting SUWA an avenue for relief through further proceedings in this case if the County does not adhere to governing consultation requirements.

SUWA further proposes that, until consultation is complete, the Court order the parties to submit a status report every 45 days[2] informing the Court of updates on 1) the work done on the Road since the last status report and 2) consultation efforts between the County and the BLM regarding any proposed improvements to the Road, including but not limited to chip sealing the road.

---

[2] Forty-five days from the date of this filing is April 3, 2026.

## **GOOD CAUSE EXISTS FOR A STAY**[3]

Courts have "broad discretion" to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 254 (1936); *see also* Fed. R. Civ. P. 1. Here, after filing its Complaint and Motion for a Preliminary Injunction, SUWA became aware of additional information and developments pertaining to the work presently being conducted on the Road that warrant a stay to preserve judicial economy and secure a just resolution of the case.

Specifically, as discussed, SUWA filed this lawsuit and attendant motion based on the County's January 27, 2026 Notice that it was engaging in "planned work" including "installation . . . of . . . culverts," and that "[s]urfacing with a double chip seal treatment will be applied to approximately ten miles of the roadway," as well as the fact (as all parties agree) that consultation on these projects has not yet completed. As explained below, however, the County has since changed course, now indicating that it does not intend to complete any chip sealing work until consultation with the BLM concludes.

*First*, counsel for the County represented to the Court at the February 11, 2026 status conference that the County had formally responded in writing to BLM's February 4, 2026 letter regarding the County's planned work on the Road. *See* Letter from David Dodds, Garfield Cnty., to Adé Nelson, Bureau of Land Mgmt., *Re: Response to Request for Additional Information –*

---

[3] On February 13, 2026, the parties submitted a Joint Status Report (ECF No. 32). The bases for a stay summarize the contents of that Report.

*G9000 Hole-in-the-Rock Road*, *1 (Feb. 5, 2026) ("County Response") (attached as Ex. 1).[4] In that letter, the County stated it is "conducting only routine maintenance activities," consistent with previous work on the Road. *Id.* at *1. The County's counsel represented the same to the Court during the status conference.[5] The County Response also acknowledged that changing the surface of the Road (*e.g.*, from dirt and gravel to chip seal) constitutes an improvement to the Road. *Id.* at *3. Additionally, at the February 11 status conference, the County's counsel represented to the Court that any chip seal of the Road would not take place until "early summer" at the soonest.

*Second*, counsel for both the County and BLM explained that an on-site meeting between BLM representatives and the County took place on February 11, 2026, to discuss the County's activities and proposed chip sealing. On February 12, 2026, in a meet and confer discussion, counsel for both the County and BLM reiterated to SUWA's counsel that their clients agree that chip sealing is an improvement for which BLM and the County must consult under applicable law. Counsel for those parties likewise represented that consultation is now ongoing, though BLM does not have an estimated timeline to complete consultation.

The County has indicated that, unlike chip sealing, it may proceed with installing new culverts, even without consultation concluding. SUWA maintains its position that, per *SUWA v. BLM*, the addition of new culverts where culverts did not previously exist constitutes an

---

[4] SUWA was not aware of this letter until it was mentioned at the status conference. SUWA requested, and counsel for the County provided, a copy of the letter on February 11, 2026.
[5] The County's counsel stated in an email to SUWA's and BLM's counsel on February 12, 2026, that the County has been replacing existing culverts and has additionally installed four new culverts to date. *See* Email from Tess Davis to Hanna Larsen, *et al.*, *For Status Report - 2:26-cv-96 - Information from Garfield County* (Feb. 12. 2026) (attached as Ex. 2).

improvement that requires consultation. But in light of the County's assurances that they will not proceed with chip sealing until consultation concludes, SUWA will not force injunction briefing over the addition of new culverts in this instance.[6] Indeed, recognizing that BLM's final decision at the conclusion of consultation may resolve all or some of SUWA's claims in this case, SUWA believes that staying this litigation until consultation is complete will ensure the parties are not expending time and resources litigating issues in an expedited manner that may ultimately be resolved at the conclusion of consultation. Notwithstanding this compromise, the County has indicated in meet and confer discussions that it opposes this request for a stay.

In short, the County's change in position since the filing of this lawsuit has effectively given SUWA the interim relief it sought through its preliminary injunction motion, at least for now. Therefore, at this time, SUWA no longer believes a preliminary injunction is necessary, has withdrawn that pending motion, and seeks a stay to avoid unnecessary expenditure of resources while the consultation process is completed.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant SUWA's Motion to Stay the Proceedings until Defendants complete consultation on improvements to the Hole-in-the-Rock Road.

---

[6] Notwithstanding the foregoing, SUWA fully reserves its rights regarding arguments and remedies as to the County's installation of new culverts.

DATED: February 17, 2026

            Respectfully,

            */s/ Hanna Larsen*
            Stephen H.M. Bloch
            Hanna Larsen
            SOUTHERN UTAH WILDERNESS ALLIANCE

            Trevor J. Lee
            HOGGAN LEE HUTCHINSON

            Mitch M. Longson
            MANNING CURTIS BRADSHAW
            & BEDNAR PLLC

            *Attorneys for Plaintiff Southern Utah Wilderness Alliance*