K. TESS DAVIS (15831)
JASON L. DEFOREST (14628)
DAVID A. REAY (14764)
LAUREN K. CORMANY (19494)
Assistant Attorneys General
DEREK BROWN (UT 10476)
UTAH ATTORNEY GENERAL
1594 W North Temple
Salt Lake City, UT 84116
(385) 867-9713
kaitlindavis@agutah.gov
jdeforest@agutah.gov
dreay@agutah.gov
lcormany@agutah.gov

*Attorneys for Defendants Garfield County, Utah and State of Utah*

IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>GARFIELD COUNTY, UTAH, a political subdivision, the STATE OF UTAH, the U.S. BUREAU OF LAND MANAGEMENT, and the U.S. DEPARTMENT OF THE INTERIOR,<br><br>Defendants, | **GARFIELD COUNTY AND STATE OF UTAH'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**<br><br>Case No. 2:26-cv-00096-AMA-PK<br><br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

Defendants State of Utah ("State") and Garfield County, Utah ("County"), by and through counsel and pursuant to Federal Rule of Civil Procedure 16(b)(1) and DUCivR 7-1(a)(4)(D), hereby oppose Plaintiff's Motion to Stay Proceedings filed February 17, 2026 (Dkt 37).

## I. INTRODUCTION

Plaintiff SUWA's request to stay proceedings pending consultation between Garfield County and the Bureau of Land Management ("BLM") is improper and does not promote judicial economy or secure a just resolution of this case. There are multiple threshold jurisdictional issues raised by Plaintiff's Complaint which must be resolved as a preliminary matter. Of most significance, SUWA lacks standing to bring this action and the case is not ripe for judicial review. Moreover, staying these proceedings without addressing the threshold standing and jurisdictional issues risks interfering with a parallel R.S. 2477[1] proceeding under the federal Quiet Title Act, 28 U.S.C. § 2409a. Specifically, staying these proceedings would deprive the State and County a timely opportunity to brief these issues for the Court in support of a motion to dismiss while another federal case proceeds on the same subject matter.

## II. JUDICIAL EFFICIENCY REQUIRES CONTINUED PROSECUTION OF THIS CASE

Courts have inherent power to control their dockets. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254–56 (1936) (the power to stay is incidental to docket control and reserved for ensuring judicial economy); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (district courts have broad discretion to manage their docket). However, discretion is not without limit, particularly when the stay would interfere with another party's access to the courts. *See, e.g.*, *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1485 (10th Cir. 1983). The Tenth Circuit requires

---

[1] Revised Statute 2477, Act of July 26, 1866, ch. 262, § 8, 14 Stat. 251 (codified at 43 U.S.C. § 932, repealed 1976).

a strong showing of necessity; that is, the right of a party to proceed should not be denied except under extreme circumstances if a stay would interfere with other federal proceedings. *Id.* at 1484 (noting that comity demands more than usual restraint when there is the potential for interference with another federal proceeding).

    a. **Plaintiff fails to provide good cause for a stay and there are threshold jurisdictional issues that must be addressed.**

Plaintiff primarily argues a stay is necessary because it "became aware of additional information and developments" that removed the perceived urgency under which it brought this suit. *See* Plaintiff's Motion for Stay, p. 3, Dkt. 37. Specifically, Plaintiff suggests the circumstances of its filing would have been different if it had known that the chip sealing of the road was not imminent. *Id.* at p. 2. As an initial matter, Plaintiff acted on its own interpretation of the information the County provided to the BLM in its January 27, 2026 correspondence. Contrary to Plaintiff's allegations, the County did not discuss the timing of the proposed chip sealing or state that it intended to upgrade the surface of Hole-in-the-Rock Road absent further consultation with the BLM. *See, e.g.*, Exhibit 1 to Plaintiff's Complaint, Dkt 1-1. Indeed, following a response from the BLM, the County reiterated its willingness to meet with the BLM for further discussion regarding proposed work. *See* Exhibit 1 to Plaintiff's Motion to Stay, Dkt. 37-1. In the meantime, the County has only engaged in road work that is entirely consistent with what it has undertaken for decades to ensure the safety of the traveling public. *Id.* at pp. 3-5. Plaintiff's initial assertion that this instance of road work was somehow different is belied by the history here. More importantly, even setting aside Plaintiff's interpretations of the County's intent, it was Plaintiff's decision to file a Complaint, Request for Preliminary Injunction, and Request for Temporary Restraining Order. Plaintiff should not be permitted to pause this litigation under the guise of efficiency, particularly when it has failed to show good cause. Any inefficiencies that may be associated with continued

prosecution are of Plaintiff's own making.

Additionally, Plaintiff's Complaint implicates several threshold jurisdictional issues that must be addressed before this case is stayed. For instance, as this Court found in its Order Denying Plaintiff's Request for a Temporary Restraining Order, "SUWA's arguments hint at a potential question of prudential standing" by including allegations in its Complaint that belong to the federal government. Order Denying TRO, Dkt. 29 at 4–5 (Feb. 10, 2026). This Court has been clear that "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Wilderness Soc'y v. Kane Cnty.*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Yet the record is replete with evidence demonstrating SUWA is seeking to enforce a right that belongs to the United States. *See, e.g.*, Exhibit 1 to Plaintiff's Complaint, Dkt 1 and 1-2 (on page 3, SUWA states, "Tenth Circuit precedent requires that the State and County consult with the United States"; on page 4, SUWA states that "Garfield County must consult with BLM"; then on page 5, SUWA states, "Please provide written confirmation … of Garfield County's and the State of Utah's assurances that it will abide by binding federal law and the demands in this letter. If Garfield County and the State are unwilling to provide such assurances, SUWA intends to pursue all available legal remedies[.]"). Finally, Plaintiff's prayer for relief includes a request to "[a]ward injunctive relief prohibiting the County from continuing any additional road improvements on the Hole-in-the-Rock Road until it has consulted with BLM[.]") Plaintiff's attempts to assert the rights of the BLM are indicative of its lack of prudential standing.

As this Court pointed out, standing is a "threshold requirement" that must be addressed at the outset of a case and may ultimately bar relief. *Id.; see also Baca v. King*, 92 F.3d 1031, 1035 (10th Cir. 1996) (finding standing is a threshold requirement that must be satisfied before any

relief can be granted). Rather than staying these proceedings, the State and County seek the opportunity to file a responsive pleading to address Plaintiff's allegations, their relation to claims belonging to the federal government, and the implications those claims have for prudential standing.

Furthermore, Plaintiff's claims are not ripe because they rest entirely on Plaintiff's own speculation about future events, based on its interpretation of the County's letter to the BLM. Plaintiff at least implicitly recognizes this issue in its Motion to Stay, admitting that it is seeking "an avenue for relief through further proceedings in this case *if* the County does not adhere to governing consultation requirements." (Plaintiff's Motion to Stay Proceedings, Dkt 37, page 2 (February 17, 2026)) (emphasis added). Plaintiff's claims cannot be based on such speculation, particularly when those claims are accompanied by unfounded allegations about the County and its employees. More importantly for the instant Motion, filing a complaint and then seeking a stay to allow time for additional allegations to materialize contravenes judicial efficiency – it is an improper use of the court system to air grievances that are not yet ripe for review and nonjusticiable.

A litigant has a right to pursue its claim in court, and concerns over judicial economy must yield to a party's access to the judicial process. *Chilcott*, 713 F.2d at 1484. Even if this Court finds some efficiency in staying these proceedings, this principle weighs heavily in Defendants' favor. Specifically, contrary to Plaintiff's allegations, the State and County continue to consult with the BLM regarding their activities on Hole-in-the-Rock Road; not allowing the County to proceed with its Hole-in-the-Rock Road project risks public safety, erosion and damage from summer monsoons, and significant financial hardship. Staying this litigation also has the potential of adding layers of administrative burden to an urgent project when Defendants can readily prove they have

5

complied with all the requirements necessary to perform the needed work. These proceedings should therefore not be stayed because the State and County have a right to resolve these matters.

The Tenth Circuit also requires a strong showing of necessity or extreme circumstances when a stay would interfere with other federal proceedings. *Chilcott*, 713 F.2d at 1484. Staying these proceedings before allowing Defendants the time necessary to address the threshold issues set forth herein risks such interference. Namely, granting a stay here would risk interference with parallel proceedings (Case Nos. 2:10-cv-01073-CW, 2:11-cv-01045-CW) before Judge Clark Waddoups, where scope determinations are pending on the Hole-in-the-Rock Road. *See* Mem. Decision & Order, *Kane Cnty. v. United States*, No. 2:11-cv-01045-CW, Dkt. 344 at 3 (D. Utah Sept. 25, 2024); Dkt. 369 (July 23, 2025); Dkt. 370 (Aug. 13, 2025). Comity demands more than the usual measure of restraint when interference with another federal proceeding is at stake. *Chilcott*, 713 F.2d at 1484. Plaintiff has failed to show necessity or extreme circumstances which would warrant a stay in these proceedings. Furthermore, Plaintiff alleges a stay is in the interest of judicial economy because some or all of SUWA's claims may be resolved at the conclusion of consultation. However, Plaintiff fails to identify which claims will be resolved and how that resolution justifies a stay when not resolving threshold jurisdictional issues will risk interference with scope proceedings on the Hole-in-the-Rock Road. For this reason, the Plaintiff's motion should not be granted.

The speculative nature of Plaintiff's Complaint and the multiple jurisdictional issues implicated therein must be addressed before this case is stayed. Defendants merely seek the opportunity to make those arguments by way of responsive pleadings.

### III.   CONCLUSION

Considering the above, Defendants State of Utah and Garfield County, Utah respectfully

request that the Court deny Plaintiff's motion to stay these proceedings and allow for the case to proceed as contemplated by the Federal Rules of Civil Procedure.

DATED this 24th day of February, 2026.

/s/ Tess Davis
K. TESS DAVIS
JASON L. DEFOREST
DAVID A. REAY
LAUREN K. CORMANY
Assistant Attorneys General

*Attorneys for Defendants State of Utah and Garfield County, Utah.*

## CERTIFICATE OF SERVICE

I certify that on , the undersigned electronically filed the foregoing **OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS** with the Clerk of the Court using the CM/ECF system which will send notification of this filing to all counsel of record:

*/s/ Tess Davis*
K. TESS DAVIS
Assistant Attorney General

*Attorney for Defendants State of Utah and Garfield County, Utah*