# EXHIBIT 1

 Outlook

---

## RE: Notice Pursuant to Notice Order in TWS v. Biden

---

**From** Steve Bloch <steve@suwa.org>

**Date** Thu 5/7/2026 9:34 AM

**To** Philpott, Romney (ENRD) <Romney.Philpott@usdoj.gov>; 'Kate Desormeau' <kdesormeau@nrdc.org>; 'Iwata, Jackie' <jiwata@nrdc.org>; 'tdelehanty@earthjustice.org' <tdelehanty@earthjustice.org>; 'Heidi McIntosh' <hmcintosh@earthjustice.org>; GGuzy@cov.com <GGuzy@cov.com>; 'Mizerak, John' <JMizerak@cov.com>; Hanna Larsen <hanna@suwa.org>

**Cc** Coleman, Judith (ENRD) <Judith.Coleman@usdoj.gov>

Romney,

Thank you for your email. As I'm sure you know, Garfield County's proposal to chip seal a significant portion of the Hole-in-the-Rock Road is a sensitive issue and something that is being closely watched. As such, I'm writing to request that the Department of Justice immediately provide Plaintiffs a copy of BLM's "completed [] consultation related to the County's proposal to chip seal a portion of the Hole-in-the-Rock Road."

The requirements of ¶1d & e of the Notice Order in *TWS v. Biden* (Dkt. 57) require BLM to provide Plaintiffs a copy of any BLM decision or determination regarding such a proposal or application "<u>within 2 business days after such decision is made</u>," **not** 2 days *after* BLM transmits that decision to the County. Your May 5 email notified us that BLM has completed consultation regarding the County's proposal and today, May 7, is 2 business days after that decision and/or determination.

If BLM has not yet reached a decision and/or determination on the County's proposal, we request that the Department of Justice provide Plaintiffs with a copy of the decision and/or determination <u>on the same day it's provided to the County</u>.

Feel free to contact me with any questions. Thank you for your attention to this matter.

Steve

Stephen Bloch
Legal Director
Southern Utah Wilderness Alliance
425 East 100 South
Salt Lake City, Utah 84111
Phone: 801 428 3981
Fax: 801 486 4233
steve@suwa.org

IMPORTANT: The information in this e-mail is attorney communication
and privileged.  It is intended only for the use of the addressee.
If you receive this communication and are not the intended
recipient, you are hereby notified that the copying or
distribution of this communication is prohibited.  If you have
received this communication in error, please notify us
by telephone and return the message to us at the above address.

**From:** Philpott, Romney (ENRD) <Romney.Philpott@usdoj.gov>
**Sent:** Tuesday, May 5, 2026 10:38 AM
**To:** 'Kate Desormeau' <kdesormeau@nrdc.org>; 'Iwata, Jackie' <jiwata@nrdc.org>; Steve Bloch <steve@suwa.org>; 'Corbett, Charlie' <CCorbett@nrdc.org>; 'tdelehanty@earthjustice.org' <tdelehanty@earthjustice.org>; 'Heidi McIntosh' <hmcintosh@earthjustice.org>; stsosie@earthjustic.org; GGuzy@cov.com; 'Mizerak, John' <JMizerak@cov.com>; 'Tallman, Sarah' <stallman@nrdc.org>; Michelle White <michellew@suwa.org>; Hanna Larsen <hanna@suwa.org>
**Cc:** Coleman, Judith (ENRD) <Judith.Coleman@usdoj.gov>
**Subject:** Notice Pursuant to Notice Order in TWS v. Biden


-----This email originated from outside the organization-----

Dear Counsel,

On February 2, 2026, we notified you out of an abundance of caution that the BLM had received a letter from Garfield County detailing the County's intention to perform work along a section of the Hole-in-the-Rock Road on lands previously excluded from Grand Staircase-Escalante National Monument.  We are now notifying you (again, out of an abundance of caution) that the BLM has completed its consultation related to the County's proposal to chip seal a portion of Hole-in-the-Rock Road and anticipates notifying the County in the next several days.  We will provide you with a copy of the BLM's notification letter within two business days after sending it to the County.

Sincerely,

**Romney Philpott**
Senior Trial Attorney
Environment and Natural Resources Division
U.S. Department of Justice
romney.philpott@usdoj.gov
(202) 532-5077

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE WILDERNESS SOCIETY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-02587 (TSC) |
| | ) | |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |
| | ) | |
| GRAND STAIRCASE ESCALANTE PARTNERS, *et al.*, | ) ) | |
| | ) | Case No. 1:17-cv-02591 (TSC) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | ) ) ) | **CONSOLIDATED CASES** |
| | ) | |
| Defendants. | ) | |
| ——————————————— | | |

**ORDER REGARDING DEFENDANTS' NOTICE OBLIGATIONS**

Having considered the parties' jointly proposed order regarding

Defendants' notice obligations, ECF No. 50-1, it is hereby ORDERED as follows:

1.     The Department of the Interior and its agencies, including the Bureau of Land

Management (collectively, "DOI"), will, subject to appropriate exemptions under the

Freedom of Information Act ("FOIA") or other applicable law, provide the following

information to Plaintiffs with respect to federal lands described as excluded from the Grand

Staircase Escalante National Monument by Presidential Proclamation No. 9682:

1

Case 1:17-cv-02587-TSC Document 57 Filed 10/30/18 Page 2 of 5

a.      Within 5 business days of the BLM's receipt thereof, a copy of a notice for "notice level operations," as defined under 43 C.F.R. § 3809.21 to conduct exploration for locatable minerals under 43 C.F.R. § 3809 on lands managed by the Bureau of Land Management.

b.      Within 5 business days of it being sent or received by the BLM, a copy of any subsequent written communications under 43 C.F.R. § 3809 related to any notices described in paragraph 1.a above (or the proposed exploration addressed in the notice) between the BLM and the operator/proponent.

c.      Within 5 business days of it being posted to the BLM's ePlanning website, notice that a proposed plan of operations, as described in 43 C.F.R. § 3802.1-4 or 43 C.F.R. Subpart 3809, or any notices or modifications thereto proposed by the BLM or the operator, as described in 43 C.F.R. § 3802.1-6 or 43 C.F.R. Subpart 3809, is undergoing environmental review in accordance with the National Environmental Policy Act ("NEPA").

d.      Within 5 business days of it being received by the BLM, notice of proposals or applications to engage in road or trail construction or improvement, to authorize a use of a road or trail that was not permitted as of December 4, 2017, or to authorize grazing or vegetation management in an area where it was not permitted as of December 4, 2017, and a copy of such proposals or applications. For purposes of this paragraph, an "improvement" goes beyond preserving the status quo of the road or trail and includes the widening of the road or trail, the horizontal or vertical alignment of the road or trail, the installation of (as distinguished from cleaning, repair, or replacement in kind of already existing) bridges, culverts, and

2

other drainage structures, as well as any significant change in the surface composition of the road or trail.

e.     At least 2 business days prior to the effective date of (i) the BLM's decision on an application or proposal described in paragraph 1.d above, (ii) its determination to authorize or undertake such activities itself, (iii) its decision to authorize a use of a road or trail by a third party or BLM that was not permitted as of December 4, 2017, or (iv) its decision to authorize grazing or vegetation management in an area where it was not permitted as of December 4, 2017, notice thereof and, within 2 business days after such decision is made, a copy of the decision, if any.

f.     Within 5 business days of it being posted to the BLM's ePlanning website, notice that a proposed mining plan, as described in 43 C.F.R. § 3592.1, is undergoing environmental review in accordance with NEPA.

g.     Within 5 business days of the BLM's receipt thereof, a notice of intent as described in 43 C.F.R. § 3151.1 or application for an exploration license, prospecting permit, or permit to drill under the Mineral Leasing Act, unless publicly noticed in the Federal Register, and a copy of such application.

h.     At least 2 business days prior to the effective date of the BLM's decision on an application for an exploration license, prospecting permit, or permit to drill under the Mineral Leasing Act, notice thereof and, within 2 business days after such decision is made, a copy of the decision, if any.

2.     For purposes of this Order, the date the BLM receives any of the notices, plans, proposals, applications, or communications mentioned above is defined as:

3

a.     if via email, the date the email is received at an email address associated with a BLM employee whose responsibilities include (i) receiving and/or routing official correspondence for the BLM office for which the applicable notice, plan, proposal, application, or communication is properly directed; or (ii) processing or responding to the applicable notice, plan, proposal, application, or communication for the relevant lands.  If emails are received by different employees whose responsibilities include either of the categories described above as (a)(i) and (a)(ii), the date the earliest email was received constitutes the date the BLM received notice.

b.     if via U.S. Mail,  overnight delivery, or hand delivery, on the date that the applicable notice, plan, proposal, application, or communication is date-stamped as being received by the BLM office to which such notice, plan, proposal, application, or communication is appropriately directed.

3.     If DOI redacts or withholds a document based on an exemption under FOIA or a provision of other applicable law, DOI will provide Plaintiffs, within the applicable notice timeline provided above, (a) notice that it is doing so; (b) the legal basis for its redaction or withholding; and (c) a description of the nature of the document or information that, without revealing information itself privileged or protected, will enable other parties to assess DOI's basis for the redaction or withholding.

4.     Nothing in this Order, or the fact that it was jointly proposed by the Parties at the Court's direction, reflects or constitutes an admission by the DOI that any activities triggering the notification requirements set forth in Paragraph 1 will or are planned to occur.

5.      Nothing in this Order obligates the Federal Defendants to postpone, suspend, cancel, or take other action on any decision related to the activities set forth in Paragraph 1 for which Plaintiffs have been notified.

6.      If the Court dismisses Plaintiffs' claims, the obligations set forth in this Order shall terminate on the date of the dismissal.

7.      The parties will file a joint status report providing the parties' positions as to whether the Order should remain in place or should be modified within 7 days after a decision has been issued on the Defendants' pending motions to dismiss the above captioned cases.

8.      In the event that a lapse in appropriations, natural disaster, or other emergency prevents the DOI from providing any notice or other information to Plaintiffs in accordance with the deadlines set forth herein, such failure shall not constitute a violation of this Order and the DOI will comply with the applicable deadlines as soon as practicable.


DATED:  October 30, 2018


TANYA S. CHUTKAN
UNITED STATES DISTRICT JUDGE