Stephen H.M. Bloch (#7813)
Hanna Larsen (#18458)
SOUTHERN UTAH WILDERNESS
ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
Telephone: (801) 486-3161
steve@suwa.org
hanna@suwa.org

*Attorneys for Plaintiff*
*Southern Utah Wilderness Alliance*

Mitch M. Longson (#15661)
MANNING CURTIS BRADSHAW
& BEDNAR PLLC
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 363-5678
mlongson@mc2b.com

Trevor J. Lee (#16703)
HOGGAN LEE HUTCHINSON
257 East 200 South, #1050
Salt Lake City, UT 84111
Telephone: (435) 615-2264
trevor@hlh.law

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SOUTHERN UTAH WILDERNESS ALLIANCE**, <br><br> Plaintiff, <br><br> v. <br><br> **GARFIELD COUNTY** *et al.*, <br><br> Defendants. | **PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY INJUNCTIVE RELIEF PURSUANT TO 28 U.S.C. § 1651** <br><br> Case No. 2:26-cv-00096-AMA-PK <br><br> District Judge Ann Marie McIff Allen <br> Magistrate Judge Paul Kohler |

New developments regarding the imminently planned—if not already initiated—improvements to the Hole-in-the-Rock Road (the "Road") have created an urgent need for the Court to temporarily enjoin Garfield County's ("the County") planned chip-sealing of the Road. Thus, in accordance with the All Writs Act, 28 U.S.C. § 1651, Plaintiff Southern Utah Wilderness Alliance ("SUWA") respectfully moves this Court to issue a temporary injunction that prevents the County from chip sealing the Road until SUWA files a Motion for a Preliminary Injunction

based on its (currently proposed) Amended and Supplemental Complaint, that Motion is fully briefed, and the Court issues a decision on that Motion.

## INTRODUCTION

This case stems from the County's improvements to the Road that have been implemented since approximately January 30, 2026, as well as those still planned for completion in the coming days.The case has been temporarily paused while the County and Federal Defendants engage in consultation over the County's proposal to chip seal the Road. That consultation has now been completed, and it appears that the County intends to attempt to start and finish the road work before the legal claims in this case can be adjudicated. Indeed, though the decision was issued just yesterday and the County's attorneys professed no knowledge about the nature of the decision, the County had already staged the equipment and materials needed to begin work on the Road. Based on information and belief, that work has already started or is imminently poised to begin.

This is not the first time the County and the Bureau of Land Management ("BLM") have done this. Indeed, in 2019 BLM issued a decision authorizing Garfield County to chip seal a 7.5-mile stretch of the Burr Trail on the east side of Capitol Reef National Park. BLM gave the County its decision on a Friday afternoon and by the following Monday much of the chip-sealing had been completed. Then, like now, the County had staged materials and equipment so it could immediately proceed once the approval had been issued.

Given this history, when SUWA learned that consultation was complete, SUWA reached out to the County to ask if they would agree to not start work until the Court had a chance to address SUWA's legal challenges to the work. The County did not agree. SUWA intends to file a

Motion for a Preliminary Injunction addressing the various deficiencies in the consultation process. But given the County's staging of equipment and refusal to let the legal process conclude before proceeding with work that will potentially moot it, a temporary injunction under the All Writs Act is needed to give the Court an opportunity to meaningfully address these issues.

## BACKGROUND

In particular, this case challenges Federal Defendants' oversight and approval (or lack thereof) of the County's planned, ongoing, and completed improvements to the Road. Such improvements, some completed and some planned or ongoing, include widening, vertical and horizontal realignment, installation of new culverts, and, significantly, chip sealing the Road. The original basis for SUWA's claims was BLM and the County's failure to consult on the proposed improvements prior to conducting the road work. *See generally* ECF No. 1. However, the County and BLM have since completed consultation (albeit a legally deficient one, as explained in SUWA's Proposed Amended and Supplemental Complaint (ECF No. 54-1)) on the County's plan to chip seal the Road and BLM issued its Reasonable and Necessary Determination ("Determination") on May 7, 2026. *See* ECF No. 52-1. The Determination concludes that the proposed chip sealing is "reasonable and necessary in light of the traditional uses of the [Road]" and represents BLM's final decision authorizing the County to chip seal the Road. Determination at 2. In light of this recent development, SUWA filed a Motion for Leave to File an Amended and Supplemental Complaint, ECF No. 54, that includes allegations and claims based on BLM's issuance of the Determination and the County's imminent, if not already occurring, chip sealing of the Road.

3

## RECENT DEVELOPMENTS NECESSITATING A TEMPORARY INJUNCTION PURSUANT TO THE ALL WRITS ACT

The All Writs Act allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The Act has long been recognized to encompass a federal court's power 'to preserve [its] jurisdiction or maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels.'" *AstraZeneca Pharms. LP v. Burwell*, 197 F. Supp. 3d 53, 56 (D.D.C. 2016) (quoting *FTC v. Dean Foods Co.*, 384 U.S. 597, 604 (1966)).[1] As the D.C. Circuit has explained,

> If the court may eventually have jurisdiction of the substantive claim, the court's incidental equitable jurisdiction, despite the agency's primary jurisdiction, gives the court authority to impose a temporary restraint in order to preserve the status quo pending ripening of the claim for judicial review.

*Wagner v. Taylor*, 836 F.2d 566, 571 (D.C. Cir. 1987); *see also Trump v. Comm. on Ways & Means*, 415 F. Supp. 3d 38, 50 (D.D.C. 2019). Thus, a court's use of the All Writs Act is particularly relevant in situations where it is appropriate to grant temporary relief to preserve the parties' interests and the court's jurisdiction over claims that will become ripe and then moot nearly simultaneously absent a temporary injunction. *See Astrazeneca*, 197 F. Supp. 3d at 55–60 (outlining schedule to preserve parties' interests under All Writs Act where "the window for [judicial] review is not only small, but more or less instantaneous[] with the FDA's issuance of its decision" (internal quotation marks omitted)); *Trump*, 415 F. Supp. 3d at 50 ("[T]he Court

---

[1] To the best of SUWA's knowledge, the Tenth Circuit has not addressed a court's use of the All Writs Act to maintain the status quo by injunction. Therefore, SUWA points the Court to caselaw from the Supreme Court of the United States and Circuit Courts that have addressed the All Writs Act in this context.

believes it is appropriate to fashion limited relief under the All Writs Act that will prevent Mr. Trump's claims from becoming ripe and then moot almost instantaneously without notice to him or the Court.").

The Court's power under the All Writs Act applies in "situations where the court must act to protect its own jurisdiction." *Mt. Valley Pipeline, LLC v. 4.72 Acres of Land*, 529 F. Supp. 3d 563, 567 (W.D. Va 2021). As such, "[t]he requirements for a traditional injunction do not apply to injunctions under the All Writs Act because a court's traditional power to protect its jurisdiction, codified by the [All Writs] Act, is grounded in entirely separate concerns." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004). Instead, to obtain an All Writs Act injunction, a party "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." *Id.* Additionally, the "power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice . . . and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977) (citations omitted).

Here, this Court should invoke the All Writs Act to temporarily enjoin the Determination, and thus the chip sealing of the Road, because BLM's issuance of the Determination both forms the basis of SUWA's claims in its (proposed) Amended and Supplemental Complaint and creates a situation where there is a substantial risk that these new claims will ripen and then become moot almost simultaneously absent a temporary injunction preserving the Court's jurisdiction and the status quo. This situation is directly analogous to that in *Southern Utah Wilderness*

5

*Alliance v. Bernhardt*, 1:20-cv-03654-RC (D.D.C.). There, after holding a hearing on December 22, 2020, the court temporarily enjoined ground-disturbing work for a helium exploration project pursuant to the All Writs Act "to preserve its jurisdiction and the parties' interests." Order, *S. Utah Wilderness All. v. Bernhardt*, 1:20-cv-03654, 1 (D.D.C. Dec. 22, 2020) (attached as Ex. 1). The court did so because BLM and the project proponent

> indicated that after [BLM] issues its decision on the Twin Bridges Bowknot Helium Project, which is expected to happen on December 23, 2020, ground disturbing work would begin almost immediately. [The project proponent] stated that the initial roadwork would be completed within a week.

*Id.* at 2. Additionally, the court ordered an expedited schedule for a supplemental complaint, renewed motion for injunctive relief, and a subsequent hearing to "preserve the Court's jurisdiction and allow the parties to litigate all the disputed issues." *Id.*

In this case, BLM has already issued the Determination, the relevant authorizing decision in this matter. SUWA received a copy of the Determination on May 7, 2026 and promptly notified the Court. *See* ECF No. 52 (explaining when SUWA received a copy of the Determination). However, despite the Determination being issued on the afternoon of May 7,[2] the County apparently knew the Determination would issue imminently, in the County's favor, and its Road Department was ready to spring into action.

That same afternoon, contemporaneously with BLM's notification to SUWA of the Determination, local Escalante, Utah, resident Andrew Ferrigno observed large piles of gravel adjacent to the Road, as well as a tractor, an excavator, a water truck, and another truck

---

[2] Counsel for the County confirmed that as of the 11:51 AM on May 7, the County had <u>not</u> received the Determination from BLM and had no knowledge of what BLM's decision would be. *See* ECF No. 51-2.

appearing to carry either native material or gravel on the Road. *See generally* Second Decl. of Andrew Ferrigno (attached as Ex. 2). Based on the photos in Mr. Ferrigno's declaration, and just like the project proponent in *Southern Utah Wilderness Alliance v. Bernhardt*, the County appears ready to begin the chip sealing "almost immediately," if it has not already begun doing so. Based on previous experience, once underway, the chip sealing will be completed within a few days. *See, e.g., S. Utah Wilderness All. v. U.S. Dep't of the Interior*, 2:19-cv-00297-DBB, 2021 U.S. Dist. LEXIS 63395, *8 (D. Utah Mar. 31, 2021). In another recent chip sealing case, Garfield County had proposed to chip seal a 7.5-mile segment of the Burr Trail. *Id.* BLM informed the County of its decision that the project was reasonable and necessary on Friday, April 26, 2019, and the chip sealing was completed "within a few days." *Id.* Specifically, by April 30, 2019, approximately two-thirds of the chip sealing was completed. Bloxham Supp. Decl. ¶¶ 3-4 (2:19-cv-00297-DBB ECF No. 37-7)).

Given this experience, SUWA expects that chip sealing a 10-mile portion of the Road here will take a similar amount of time, a few days to, at most, a week. Therefore, it is extremely likely that, absent a temporary injunction, the chip sealing will be completed before the Court has a chance to grant SUWA leave to amend and supplement its Complaint in light of the Determination and/or before a Motion for a Preliminary Injunction based on SUWA's Amended and Supplemental Complaint can be fully briefed and adjudicated. This is precisely the situation in which the Court should invoke the All Writs Act to protect its jurisdiction and the parties' interests.

## **CONCLUSION**

Without a temporary injunction preventing the Road from being chip sealed, SUWA's claims stemming from the Determination will moot almost immediately after ripening. Thus, for the foregoing reasons, SUWA respectfully requests that the Court exercise its authority under the All Writs Act to preserve its jurisdiction over SUWA's claims by enjoining the Determination and preventing the chip sealing from occurring. Should the Court grant this request, SUWA proposes a schedule similar to what the court ordered in *Southern Utah Wilderness Alliance v. Bernhardt* to enable the Court to rule on SUWA's (forthcoming) Motion for a Preliminary Injunction:

- SUWA will file its Amended and Supplemental Complaint within 24 hours of the Court granting SUWA's Motion for Leave to File an Amended and Supplemental Complaint (ECF No. 54);

- SUWA will file its Motion for a Preliminary Injunction within five days of filing its Amended and Supplemental Complaint;

- BLM will file its response to SUWA's Motion for a Preliminary Injunction no later than seven days after SUWA's Motion for a Preliminary Injunction is filed; and

- SUWA will file its Reply in Support of its Motion for a Preliminary Injunction no later than seven days after BLM's response is filed.

DATED:      May 8, 2026

Respectfully,

*/s/ Hanna Larsen*
Stephen H.M. Bloch
Hanna Larsen
SOUTHERN UTAH WILDERNESS ALLIANCE

8

Trevor J. Lee
HOGGAN LEE HUTCHINSON

Mitch M. Longson
MANNING CURTIS BRADSHAW
& BEDNAR PLLC

*Attorneys for Plaintiff Southern Utah
Wilderness Alliance*