ADAM R. F. GUSTAFSON, Principal Deputy Assistant Attorney General
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0207

Attorneys for Defendant United States of America

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, <br><br> Plaintiff, <br><br> v. <br><br> GARFIELD COUNTY, UTAH, et al., <br><br> Defendants. | **DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFF'S EMERGENCY MOTIONS AND ASSOCIATED FILINGS** <br><br> Case No. 2:26-cv-00096-AMA-PK <br><br> Judge Ann Marie McIff Allen <br> Magistrate Judge Paul Kohler |

Plaintiff Southern Utah Wilderness Alliance (SUWA) has filed an Emergency Motion for Scheduling Conference (Dkt. No. 51), a Notice of Supplemental Evidence (Dkt. No. 52), a Motion to Amend Complaint (Dkt. No. 54), an Emergency Motion for Temporary Injunctive Relief Pursuant to the All Writs Act (Dkt. No. 55), and a Brief addressing whether it has standing to pursue the Amended/Supplemental Complaint (Dkt. No. 57).  Pursuant to the Court's direction, Federal Defendants (the United States Bureau of Land Management (BLM) and the United States Department of the Interior; collectively the United States) file this expedited response to these filings.  *See* Minute Order dated May 8, 2026 (Dkt. No. 56).  This consolidated response addresses each of these filings.

**I.      SUWA's Emergency Motion for Scheduling Conference (Dkt. No. 51), and Notice of Supplemental Evidence (Dkt. No. 52)**

The United States has no objection to SUWA's Emergency Motion for Scheduling Conference (Dkt. No. 51), or to SUWA filing a Notice of Supplemental Evidence (Dkt. No. 52) to provide the Court with a copy of a letter dated May 7, 2026 from BLM to current Defendant Garfield County.  Indeed, that letter effectively requires the Court's attention, as it essentially ends most if not all of this case, at least in its present form.

At present, SUWA's Complaint (Dkt. No. 1) is grounded in an allegation that the United States and current Defendant Garfield County failed to consult before Garfield County undertook any improvements to their adjudicated R.S. 2477 right-of-way.  *See, e.g.*, Dkt. No. 1 at ¶¶ 4, 22, 23, 34, 35 (citing *SUWA v. BLM*, 425 F.3d 735, 746, 748 (10th Cir. 2005)).  But BLM's May 7, 2026 letter (Dkt. No. 52-1) reveals that allegation to be incorrect, at least regarding the "chip seal treatment" that appears to be SUWA's primary concern.  *See, e.g.*, Dkt. No. 1 at ¶ 7; Plaintiff's Motion to Stay Proceedings (Dkt. No. 37) at 2, 5; Dkt, No. 55 at 5 (seeking temporary injunctive relief only regarding "the chip sealing of the Road").  BLM has now completed the consultation related to Garfield County's proposal to chip seal a portion of the Hole-in-the-Rock Road.  SUWA itself has "recogniz[ed] that BLM's final decision at the conclusion of consultation may resolve all or some of SUWA's claims in this case[.]"  Dkt. No. 37 at 5. s

**II.      SUWA's Motion to Amend Complaint (Dkt. No. 54) and Standing Brief (Dkt. No. 57)**

Apparently recognizing that the May 7, 2026 letter (Dkt. No. 52-1) "may resolve all or some of SUWA's [currently pled] claims in this case," Dkt. No. 37 at 5, SUWA has filed a Motion for Leave to File Amended and Supplemental Complaint (Dkt. No. 54).  *See also* Dkt. No. 54-1 (attaching the May 7, 2026 letter as Exhibit 1 to the proposed Amended and Supplemental Complaint).  SUWA correctly recognizes that no such leave is required to the

2

extent that it seeks to file a first amended complaint at this time.  *See* Dkt. No. 54 at 2.  SUWA requests leave from the Court because it seeks to also "supplement its pleading to set out [a] transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  *Id*. (internal quotation marks and citation omitted).  Here, that later occurrence or event appears to be the May 7, 2026 letter.  *See id*. at 3.  Given that SUWA could have just voluntarily dismissed this case and filed a new action seeking to challenge the May 7 letter, and that is effectively all SUWA seeks to do under its Motion for Leave to File Amended and Supplemental Complaint (Dkt. No. 54), the United States has no objection to this motion.

As this Court has pointed out, there appear to be standing issues associated with SUWA's original and current complaint.  *See* Order Denying Motion for Ex Parte Temporary Restraining Order (Dkt. No. 29) at 4-5.  But SUWA's proposed Amended and Supplemental Complaint (Dkt. No. 54-1) would supersede that pleading.  In the context of SUWA's proposed Amended and Supplemental Complaint, the United States does not raise any issue of standing at this time, mostly because we question whether their proposed Amended and Supplement Complaint raises claims upon which the court can grant relief, as noted below.

III.    **SUWA's Emergency Motion for Temporary Injunctive Relief Pursuant to the All Writs Act (Dkt. No. 55)**

SUWA's Emergency Motion for Temporary Injunctive Relief Pursuant to the All Writs Act (Dkt. No. 55) should be denied because SUWA fails to meet the requirements for emergency injunctive relief.  Indeed, SUWA never even states the requirements for emergency injunctive relief, let alone show that it meets them.

As SUWA admits, it appears that no court in the Tenth Circuit has used the All Writs Act as a basis for emergency injunctive relief.  *See* Dkt. No. 55 at 4 n.1.  There is no reason to do so here because SUWA could have pursued traditional remedies.  *See Wisconsin Right to Life, Inc.*

*v. Fed. Election Comm'n*, 542 U.S. 1305, 1306 (2004) (recognizing that the authority to issue injunctions under the All Writs act "is to be used sparingly and only in the most critical and exigent circumstances") (cleaned up).  SUWA alleges that the BLM's May 7, 2026 letter "is a final agency action that represents BLM's decision to allow the Hole-in-the-Rock Road to be chip sealed and authorizes Garfield County to do so."  Dkt. No 54-1 ¶¶ 1, 9.  SUWA, therefore, could have voluntarily dismissed this case and filed a new civil action challenging that letter.  Indeed, SUWA retains that option.  That SUWA instead moved to amend and supplement its complaint in this civil action, and must now await this Court's ruling on that motion, is a circumstance solely of SUWA's own making.  *See One Thousand Friends of Iowa v. Mineta*, 250 F. Supp. 2d 1064, 1073 (S.D. Iowa 2002) (holding that there was no reason to resort to the extraordinary measures contemplated under the All Writs Act because NEPA claims were ripe for judicial review).[1]

But even assuming the All Writs Act could be used in this manner, it would seem to be under "the court's incidental equitable jurisdiction."  Dkt. No. 55 at 4 (quoting *Wagner v. Taylor*, 836 F.2d 566, 571 (D.C. Cir. 1987).  Like any other motion for emergency or preliminary injunctive relief, SUWA "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."  *See Winter v. Natural*

---

[1]  Because SUWA alleges that BLM's May 7 letter is final agency action, its circumstances are not analogous to any of the cases it cites.  *See Wagner Taylor*, 836 F.2d 566, 571 (D.C. Cir.) (concerning scenario where agency exercises primary jurisdiction over an ongoing administrative proceeding); *S. Utah Wilderness Soc'y v. Bernhardt*, 1:20-cv-03654-RC (D.D.C.) (Dkt. 55-1 at 1) (concerning agency action that is not yet final and thus not yet ripe for judicial review, but where the claims would become ripe and then moot "nearly simultaneously" absent a temporary injunction under the All Writs Act); *AstraZeneca Pharms. LP v. Burwell*, 197 F. Supp. 3d 53, 56 (D.D.C. 2016) (same).

*Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see also, e.g., Szymakowski v. Utah High Sch. Activities Ass'n*, 756 F. Supp. 3d 1238, 1246 (D. Utah 2024) ("A temporary restraining order and preliminary injunction share the same standard").  Here, SUWA does not even attempt to meet this standard.

SUWA's motion should be dismissed based entirely on the first *Winter* factor, because SUWA is not likely to succeed on the merits of its claims under the National Environmental Policy Act (NEPA) or Federal Land Policy and Management Act (FLPMA).  SUWA's Emergency Motion does not cite any cases supporting these claims, let alone establishing a likelihood of success on the merits of these claims.  And while SUWA's Standing Brief does cite one case relevant to these claims, *see* Dkt. No. 57 at 11 (citing *SUWA v. BLM* ("*Bull Valley Gorge*"), 551 F. Supp. 3d 1226, 1236-37 (D. Utah 2021), that case is entirely unhelpful to SUWA.  The court in that case held that BLM's failure to comply with NEPA or FLPMA prior to letting Kane County install a bridge was arbitrary and capricious final agency action.   But the plaintiff there (the same Plaintiff here) voluntarily dismissed its case following the cited order and prior to final judgment (*see* Dkt. No. 53 in Case No. 2:20-cv-539; *Kane County (2) v. United States*, 606 F. Supp. 3d 1138, 1166 (D. Utah 2022), *aff'd in part, rev'd in part and remanded on other grounds*, 94 F.4th 1017 (10th Cir. 2024)), and this decision remains subject to a pending motion to vacate.  *See* Dkt No. 54 in Case No. 2:20-cv-539.  *Bull Valley Gorge*, therefore, has questionable persuasive value.  And, in any event, *Bull Valley Gorge* undermines, rather than supporting, SUWA's claims on the merits.  The court in that case held that the "standard for triggering BLM's NEPA and FLPMA obligations" is tied to "whether the project would 'impact' a WSA [Wilderness Study Area]."  *Bull Valley Gorge*, 551 F. Supp. 3d at 1244 (citing *Sierra Club v. Hodel*, 848 F.2d 1068, 1090-91 (10th Cir. 1988)).  *See also Hodel*, 848 F.2d at 1090-91;

5

*SUWA v. DOI*, 2021 U.S. Dist. LEXIS 63395, *29-30 (D. Utah, Mar. 31, 2021) (limiting NEPA and FLPMA claims to situations "when a proposed road improvement will impact a [wilderness study area]").  In *Bull Valley Gorge*, there was a full administrative record providing what the court considered to be evidence of "impacts" to an adjacent WSA.  551 F. Supp. 3d at 1243-44.  Here, by contrast, SUWA has not even alleged impacts to any WSA—much less presented relevant arguments—so there is no basis for finding any likelihood of success on the merits of these claims.  *Cf.* Dkt. No. 54-1 at ¶ 2 (alleging only that "[f]or nearly its entire length, the road is bounded on each side by BLM Wilderness Study Areas ('WSA') and/or BLM-identified lands with wilderness characteristics ('LWC')").

Attempting to evade the *Winter* standard, SUWA urges that "[t]he requirements for a traditional injunction do not apply to injunctions under the All Writs Act, because a court's traditional power to protect its jurisdiction, codified by the [All Writs] Act, is grounded in entirely separate concerns."  *See* Dkt. No. 55 at 5 (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) (alterations in original).  But as the court in *Klay* explained, that is because the purpose of an injunction under the All Writs Act is to preserve the integrity of an ongoing proceeding or some past order or judgment.  *Id.*  Those considerations are not present here.  SUWA does not identify any relevant past order or judgment, and the only arguably "ongoing proceeding" involves BLM's alleged failure to consult with Garfield County, Dkt. No. 1 at ¶¶ 4, 22, 23, 34, 35, which is now moot.  Moreover, the court in *Klay* explained as a practical matter that the traditional standards are a poor fit for "a good number of cases" where injunctions have issued under the All Writs Act.  *See id.* at 1102 (describing cases where courts imposed constraints on a vexatious litigant or removed a state court action to federal court).  In sharp contrast to those cases, the traditional standards articulated in *Winter* serve precisely to

guide courts in the scenario presented here.  *See* Dkt. 55 at 8 (requesting a temporary restraining order pending resolution of SUWA's anticipated motion for a preliminary injunction).

The Court should also deny SUWA's Motion because it inappropriately seeks an affirmative injunction compelling BLM to police the County's road maintenance actions. SUWA has chosen to dismiss the State and County Defendants from this lawsuit.  *See, e.g.*, Dkt. No. 54-1 at 1 n.1 ("This Amended and Supplemental Complaint does not bring any claims against Garfield County, Utah or the State of Utah. As such, both entities are no longer named defendants in this lawsuit."); Dkt. No. 57 at 2.  But while SUWA vaguely suggests that relief under the All Writs Act could extend to non-parties, *see* Dkt. No. 55 at 5 (citing *United States v. N.Y. Telephone Co.*, 434 U.S. 159, 174 (1977)), SUWA does not seek to enjoin the State or County.  Instead, SUWA requests "injunctive relief instructing BLM to prohibit Garfield County from proceeding . . . ."  *See* Dkt. No. 54-1 at 23.  SUWA cites no authority for the proposition that this Court may issue such an injunction under the All Writs Act.

Finally, to the extent the Court is considering scheduling a hearing, *see* Dkt. No. 56, the United States requests that any hearing be held no earlier than May 20 (if conducted remotely) or May 21 (if conducted in person), to accommodate counsel's scheduling conflicts (which have already been disclosed to the parties).  And to the extent the Court is considering SUWA's proposed schedule for a motion for preliminary injunction, Dkt. No. 55 at 8, that schedule should be rejected as unduly prejudicial to the United States.  Even assuming an overall three-week schedule could be warranted, under such a schedule SUWA should already be working on its motion for preliminary injunction.  The United States should be granted more time for its only brief, and certainly substantially more time than SUWA uses for its reply brief.

RESPECTFULLY SUBMITTED this 13th day of May, 2026.

ADAM R. F. GUSTAFSON
Principal Deputy Assistant Attorney General

 /s/ Joseph H. Kim
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0207

*Attorneys for the United States*

Of Counsel:
Michael D. Smith
Office of the Solicitor
Elizabeth A. Schulte
Office of the Regional Solicitor
U.S. Department of the Interior