K. TESS DAVIS (15831)
JASON L. DEFOREST (14628)
DAVID A. REAY (14764)
LAUREN K. CORMANY (19494)
Assistant Attorneys General
kaitlindavis@agutah.gov
jdeforest@agutah.gov
dreay@agutah.gov
lcormany@agutah.gov

DEREK BROWN (10476)
UTAH ATTORNEY GENERAL
1594 W North Temple
Salt Lake City, UT 84116
(801) 537-7227

*Attorneys for Proposed Intervenor-Defendants, State of Utah and Garfield County, Utah*

IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT, and<br>the U.S. DEPARTMENT OF THE INTERIOR,<br><br>        Defendants. | Case No. 2:26-cv-00096<br><br>**PROPOSED INTERVENOR-DEFENDANTS STATE OF UTAH AND GARFIELD COUNTY, UTAH'S MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT**<br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

The State of Utah ("State") and Garfield County, Utah ("County") respectfully move for leave to intervene as a matter of right as a party defendant in the above-captioned matter pursuant to Federal Rule of Civil Procedure 24(a) or, in the alternative, permissively under Rule 24(b). In support of this Motion, the State and County submit the following Memorandum in Support of

1

their Motion to Intervene. Defendants United States Department of the Interior ("DOI"), United States Bureau of Land Management ("BLM") (collectively, "Federal Defendants"), do not oppose this Motion. Plaintiff Southern Utah Wilderness Alliance ("SUWA") indicates it will file a notice with the Court stating its position by tomorrow afternoon.

The State and County move to intervene in accordance with the Court's Minute Order entered on May 19, 2026, which states, "(b) If Garfield County and the State of Utah wish to be heard on the [62] Motion for Preliminary Injunction, they shall file motions to intervene (or make other appropriate filings) by no later than Thursday, May 21, 2026, at 5:00 PM." ECF No. 64. To ensure timeliness in accordance with this Court's Order, the State and County respectfully request intervention. Given time constraints and the accelerated briefing schedule, Proposed Intervenor-Defendants will file a responsive pleading after resolution of Plaintiff's pending Motion for Preliminary Injunction. If permitted to intervene, the State and County are prepared to file a Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction on May 28, 2026, in accordance with the briefing schedule set forth by the Court in paragraph (a) of its Minute Order. ECF No. 64.

## INTRODUCTION

On May 18, 2026, SUWA amended and supplemented its pleadings to remove the State and County from its suit regarding road work on the State and County's adjudicated right-of-way, the G9000 Hole-in-the-Rock Road (the "Road" or "HITR") in Grand Staircase-Escalante National Monument ("GSENM"). This effort, however, is nothing more than a veiled attempt to sidestep jurisdictional issues presented by both the original and amended complaints. Moreover, while SUWA is no longer pursuing the claims against the State and County raised in its original Complaint, the State and County still have protectable interests in the claims SUWA now pursues

against BLM and DOI. In its Amended and Supplemental Complaint, SUWA alleges that Federal Defendants violated their obligations under the National Environmental Policy Act ("NEPA"), the Federal Land Policy and Management Act ("FLPMA"), and Presidential Proclamation 10286 when they found that the State and County's proposed road work on Hole-in-the-Rock Road was reasonably, necessary, and thus within the scope of the right-of-way.

As the title holder of the right-of-way and the parties responsible for public safety and transportation management in the area, the State and County have an interest in the maintenance and continued viability of the Road as a main thoroughfare for all visitors seeking to explore and recreate in the heart of GSENM. The State and County wish to maintain and improve the Road as necessary — and consistent with their property rights — to prevent washouts, erosion, and fugitive dust, and to otherwise stabilize the Road in response to increased visitation in recent years. A decision favorable to Plaintiff, especially considering their continued requests for injunctive relief, would interfere with the property rights of the State and County, including their ability to maintain the Road to prevent public safety issues and avoid deterioration of their property. While the State and County share some interests with the DOI and BLM in this matter, the State and County have distinct interests as the joint title holders of the Road and the parties responsible for safe transportation in Garfield County, which prevents Federal Defendants from fully and adequately representing the State and County's interests. Accordingly, this Court should permit the State and County to intervene as a matter of right, or alternatively, allow the State and County to intervene permissively.

## ARGUMENT

I.      **The State and County are entitled to intervention as a matter of right.**

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as of right for a party

that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Tenth Circuit applies a four-part test to determine whether a party is entitled to intervention under FRCP 24(a)(2). The applicant must show "(1) the application is timely; (2) it claims an interest relating to the property or transaction which is the subject of the action; (3) the interest may as a practical matter be impaired or impeded; and (4) the interest may not be adequately represented by existing parties." *Kane Cnty., Utah v. United States*, 928 F.3d 877, 890 (10th Cir. 2019) (citing *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017)).

### A. The State and County's Motion to Intervene is timely.

Courts in the Tenth Circuit consider timeliness "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Id.* (internal citations and quotations omitted). All such factors weigh in favor of the State and County satisfying the element of timeliness for their intervention request.

Until a few days ago, the State and County were named defendants in this matter. Less than one week after SUWA filed its Amended and Supplemented Complaint removing the State and County as defendants, the parties come before the Court requesting intervention as of right and in accordance with the Court's Minute Order addressing briefing on Plaintiff's Motion for Preliminary Injunction. *See* ECF No. 64. The motion is timely because only SUWA's initial pleadings and a request for emergency relief have been filed since SUWA removed the State and County from the suit. The Federal Defendants have not yet filed responsive pleadings. Since the State and County have moved quickly to intervene pursuant to the Court's Order, intervention does

not prejudice Plaintiff or Federal Defendants. By acting without delay after recognizing its protectable interests, and in accordance with the Court's Order, the State and County's Motion is timely.

### B. The State and County possess an interest in the G9000 Hole-in-the-Rock Road that may be impaired by a favorable decision to Plaintiffs.

As to the second element of intervention, the applicant's interest "is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010). Although not clearly defined in Tenth Circuit caselaw, the interest nonetheless "must be direct, substantial, and legally protectable." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001) (internal quotations and citations omitted). The State and County have a direct and legally protectable interest in the Road because they jointly hold adjudicated title to it. In July 2025, the United States District Court for the District of Utah issued a Memorandum Decision and Order quieting title to an R.S. 2477 right-of-way over this Road in favor of Garfield County and the State of Utah. *See Kane Cnty., Utah v. United States*, No. 2:10-cv-1073, 2025 WL 2061989 (D. Utah July 23, 2025). The court added the Road to its R.S. 2477 Quiet Title Act bellwether process "to obtain a more expeditious title resolution due to [Hole-in-the-Rock Road's] alleged unsafe travel conditions." *Id.* at *1. As title holders, the State and County now bear the sole responsibility of ensuring the Road is safe and usable for all users. The parties also have an interest in making sure the road is passable for emergency vehicles in the event of a search and rescue or other urgent need in GSENM's remote backcountry. Since the State and County own the right-of-way that is the subject of this action, and are themselves performing road work on their property to ensure public safety, the State and County have a protectable interest in this case.

5

The third element, impairment of the protectable interest, "presents a minimal burden." *WildEarth Guardians*, 604 F.3d at 1199. The applicant need only show that "it is possible that the interests identified will be impaired." *Zinke*, 877 F.3d at 1167. In the case of a challenge to agency action, the impairment requirement is met "where the district court's decision would require the federal agency to engage in an additional round of administrative planning and decision-making that itself might harm the movants' interests, even if they could participate in the subsequent decision-making." *Id.* (citing *WildEarth Guardians*, 604 F.3d at 1199).

SUWA asks this Court, *inter alia*, to "enjoin BLM's Determination and decision authorizing Garfield County to chip seal the [Road]." Amend. & Supp. Compl., Dkt. 61 at 22. It also asks this Court to compel BLM to enjoin the State and County's exercise of their right to perform maintenance and improvements as reasonable and necessary, and within the scope of their right-of-way, until such administrative decision-making processes are performed again. *Id.* If the Court were to find in Plaintiff's favor, the decision would impair and undermine the State and County's ability to do work on the Road, as well as to regulate its use and public safety. Additionally, if Plaintiff's requests for relief were granted as is, the State and County would be required to repeat the consultation process with BLM and suspend ongoing road work for which funds have already been allocated and utilized. The State and County therefore meet the third requirement for intervention as of right.

### C. The State and County's protectable interest may not be adequately represented by Federal Defendants.

While related in this instance, the State and County's interests significantly differ from those of Federal Defendants. The burden of showing inadequate representation is "minimal, one of showing that representation may be inadequate." *Clinton*, 255 F.3d at 1254 (internal quotations and citation omitted). The Federal Defendants' interests are not the same as the proposed

Intervenor-Defendants' interests. The interest of DOI and BLM is to execute their own duties under applicable legal authorities. The State and County's interests, on the other hand, include the protection of their property rights and the responsibility to ensure public safety for citizens, visitors, and emergency responders utilizing the Road. The State and County wish to exercise their right to maintain and improve their right-of-way as reasonable and necessary and within the scope — an interest Federal Defendants do not share as they do not own the right-of-way, but the servient estate over which it runs. As a result, Federal Defendants cannot adequately represent the State and County's interests in this litigation, particularly with regard to the State as a sovereign. As such the State and County seek to intervene to protect their unique interests.

**II.    In the alternative, the State and County are entitled to permissive intervention.**

Federal Rule of Civil Procedure 24(b)(1)(B) provides courts with discretion to permit intervention by any party "who has a claim or defense that shares with the main action a common question of law or fact." In doing so, "the court must consider whether the intervention will unduly delay or prejudice adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The State and County's defenses share common questions of law and fact with the main action, as the State and County engaged in the consultation process with BLM and own adjudicated title to the Road. Furthermore, the motion is timely, and intervention will neither cause undue delay nor prejudice adjudication of the claims in this matter at this early stage in litigation.

**CONCLUSION**

The proposed Intervenor-Defendants have substantial and protectable interests in this litigation. Those interests may be compromised without the State and County's participation. It appears that the only way these interests can be heard, let alone protected, is for the Court to allow intervention. For the foregoing reasons, the State of Utah and Garfield County, Utah respectfully

request that this Court grant their Motion to Intervene.

RESPECTFULLY SUBMITTED this 21st day of May, 2026.

*/s/ Tess Davis*

K. Tess Davis
Jason L. DeForest
David A. Reay
Lauren K. Cormany

Assistant Attorneys General
Utah Attorney General's Office

*Attorneys for Defendants State of Utah and Garfield County, Utah*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2026, the undersigned electronically filed the foregoing

**MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT** with the Clerk of the

Court using the CM/ECF system which will send notification of this filing to all counsel of

record.

/s/ Tess Davis

K. Tess Davis
Assistant Attorney General
Utah Attorney General's Office

*Attorney for Defendants State of
Utah and Garfield County, Utah*