ADAM R. F. GUSTAFSON, Principal Deputy Assistant Attorney General
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0207

Attorneys for Defendant United States of America

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT, and the U.S. DEPARTMENT OF THE INTERIOR,<br><br>        Defendants,<br><br>and<br><br>GARFIELD COUNTY, UTAH, et al.,<br><br>        Intervenor-Defendants. | **DEFENDANT UNITED STATES' RESPONSE TO INTERVENORS' MOTION TO DISMISS**<br><br>Case No. 2:26-cv-00096-AMA-PK<br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

Intervenor-Defendants, the State of Utah and Garfield County, Utah, have filed a motion to dismiss the Amended and Supplemental Complaint for Declaratory and Injunctive Relief (Dkt. No. 61) ("Complaint") filed by Plaintiff Southern Utah Wilderness Alliance (SUWA). Dkt. No. 74. Federal Defendants (the United States Bureau of Land Management (BLM) and the United States Department of the Interior (DOI); collectively the United States) agree that the Complaint can be dismissed for failure to state a claim upon which relief can be granted.

## ARGUMENT

SUWA seeks to compel BLM to undertake certain actions that SUWA asserts are required by the National Environmental Policy Act (NEPA), the Federal Land Policy and Management Act (FLPMA), and the area's Resource Management Plan (RMP), prior to completing a consultation with Intervenor-Defendant Garfield County regarding the County's proposed improvement for the Hole-in-the-Rock Road (HITR). However, binding Tenth Circuit decisions make clear that all that is required by BLM under these circumstances is consultation with the R.S. 2477 right-of-way (ROW) holder. Because BLM completed consultation and nothing more was required here, SUWA's claims can be dismissed.

As the holder of an adjudicated R.S. 2477 right-of-way for the HITR Road, Garfield County is entitled to conduct routine maintenance and make certain improvements. *See, e.g.*, *SUWA v. BLM*, 425 F.3d 735, 748 (10th Cir. 2005). Any improvement must be "reasonable and necessary in light of the traditional uses of the rights of way as of October 21, 1976." *Id*. And the County must first consult with BLM, both to allow it to make its own determination as to whether the proposed improvement meets this "reasonable and necessary" requirement and, where appropriate, to allow it to formulate alternatives that serve to protect the lands. *See, e.g.*, *id*.

Here, there is no dispute that "Garfield County holds a partially adjudicated R.S. 2477 right-of-way" that "resolved the title portion of the claim." Complaint at ¶ 4. SUWA is correct that the scope for this claim has not yet been adjudicated. *Id*. But that is immaterial, as the caselaw is clear that if the County has title to an R.S. 2477 right-of-way, it may improve the road if it first consults with the BLM. That is because even if scope had been adjudicated in *Kane County (2) v. United States*, No. 10-cv-1073 (D. Utah), a proposed improvement, by definition,

2

seeks to go beyond the previously adjudicated scope.  *See Kane County (1) v. United States*, 772 F.3d 1205, 1224-25 (10th Cir. 2014) (reversing an adjudicated scope that would allow "room to address any future realignments or other improvements needed to increase safety").  Thus, in any consultation regarding a proposed improvement for an R.S. 2477 right-of-way, the relevant agency must necessarily first make its own non-binding administrative determination as to whether the proposed improvement is both reasonable and necessary and, thus, within the scope of the right-of-way.  *See, e.g.*, *SUWA v. BLM*, 425 F.3d at 748 ("The initial determination of whether the construction work falls within the scope of an established right of way is to be made by the federal land management agency," but "[i]n the event of disagreement, the parties may resort to the courts").

Nor is there any dispute that the County initiated the required consultation for its proposal to improve this road by chip sealing an approximately 10-mile segment of the road, or that BLM engaged in and completed this consultation process.  *See, e.g.*, Complaint at Ex. 1.  Through this consultation process, BLM "determined that the proposed project is reasonable and necessary, and, thus, within the scope of the County's ROW for HITR Road."  *Id*.  "BLM also prepared an impacts analysis to assess the potential effects of the proposed project" and determined "that the proposed project would not adversely affect the surrounding public lands or resources."  *Id*.

Binding Tenth Circuit decisions make clear that nothing more is required of the United States under these circumstances.  Significantly, this case law provides that NEPA and FLPMA analyses are required only when the proposed ROW improvement is adjacent to a Wilderness Study Area (WSA).  *See Sierra Club v. Hodel*, 848 F.2d 1068, 1086, 1090 (10th Cir. 1988), *overruled on other grounds by Village of Los Ranchos De Albuquerque v. Marsh*, 956 F.2d 970, 973 (10th Cir. 1992) (en banc).  Because no WSAs are implicated here, *see, e.g.*, Complaint at

Ex. 1, SUWA's claims to the contrary can be dismissed for failure to state a claim upon which relief can be granted.

## I.       BLM Was Not Required to Prepare Any FLPMA Analysis

With regard to the proposed improvement, SUWA incorrectly claims that "BLM failed to take any action necessary to prevent unnecessary or undue degradation of the lands[.]" Complaint at ¶ 65 (citing to FLPMA § 302(b), 43 U.S.C. § 1732(b), and to *SUWA v. BLM*, 425 F.3d at 748; internal quotation marks omitted).  But FLPMA § 302(b) is not applicable here because this case involves an existing easement under R.S. 2477, rather than "managing the public lands . . . through easements, permits, leases, licenses, published rules, or other instruments[.]"  43 U.S.C. § 1732(b).  And FLPMA § 302(b) is not referenced in the cited portion of *SUWA v. BLM*.  As noted above, the cited portion of *SUWA v. BLM* simply sets forth the consultation requirement – it provides, "when the holder of an R.S. 2477 right of way across federal land proposes to undertake any improvements in the road along its right of way, beyond mere maintenance, it must [consult]."  *Id*.

The Tenth Circuit has identified only one provision of FLPMA that creates an affirmative obligation for BLM when a holder seeks to improve a valid existing R.S. 2477 right-of-way.  The court in *Sierra Club v. Hodel* held that BLM has a duty under Section 603(c) of FLPMA, 43 U.S.C. § 1782(c), to determine whether there are less-degrading alternatives whenever a proposed road improvement will impact a WSA.  848 F.2d at 1086, 1090.  But Section 603(c) of FLPMA is limited to WSAs.  The Tenth Circuit determined that this provision of FLPMA applied in *Hodel* because approximately thirty percent of the proposed improvement in that case was bounded by two WSAs.  *Id.* at 1085.  *Accord SUWA v. DOI ("Burr Trail")*, No. 19-cv-297, 2021 U.S. Dist. LEXIS 63395, at *4, *30 (D. Utah Mar. 31, 2021) (proposed improvement was "bordered" by a WSA), *affirmed*, 44 F.4th 1264 (10th Cir. 2022); *SUWA v. BLM ("Bull Valley*

4

*Gorge*”), 551 F. Supp. 3d 1226, 1244 (D. Utah 2021) (“[T]he relevant standard here is ‘impact’ to adjacent WSAs” -- “Determining whether the project will impact a WSA is the first analytical step that BLM must undertake in its FLPMA analysis.  If there is an impact, then FLPMA requires BLM to ‘determine whether there are less degrading alternatives’[.]”).

Here, however, the proposed Hole-in-the-Rock Road improvements do not border on any WSA.  *See* Complaint, Exh. 1 (Dkt. No. 61-1 at 4); *see also* BLM, Grand Staircase-Escalante National Monument January 2025 Record of Decision and Approved Resource Management Plan (“GSENM RMP”) at Figure 2-16.[1]  Thus, unlike the proposed improvements in *Hodel*, *Burr Trail*, and *Bull Valley Gorge* cases, the improvements along HITR are not adjacent to WSAs, and thus FLPMA § 603(c) duties are not triggered.  Accordingly, SUWA’s FLPMA claim can be dismissed.

SUWA’s FLPMA claim is even weaker insofar as it is premised on “improvements other than chip sealing.”  Complaint at ¶ 62.  Most fundamentally, such a claim necessarily fails because SUWA does not allege that the County has undertaken any improvements other than the chip sealing project.  While SUWA notes that Garfield County has expressed an “inten[tion]” to undertake certain other improvements, such as “widening, vertically and horizontally realigning, and installing new culverts on the Hole-in-the-Rock Road,” *Id*. at ¶¶ 6, 64, the County’s expression of intent, without more, is insufficient to trigger the consultation duty.  Beyond that, SUWA has not identified any legally required action that BLM failed to undertake, and any attempt would be futile, because BLM is under no duty to proactively initiate consultation with

---

[1]  The GSENM RMP may be accessed at https://www.blm.gov/programs/planning-and-nepa/plans-in-development/utah/gsenm-rmp (click the link under subheader “Record of Decision and Approved Resource Management Plan”, and under subheader “Record of Decision and Approved RMP” download the document entitled “GSENM-ROD-ARMP_20250106_508 sf signed.pdf”) (last accessed July 20, 2026).

5

the County.  Rather, it is the County's duty to initiate any such consultation (and then BLM's duty to reasonably engage and complete such a consultation).  *See id*. at ¶ 63 (citing *SUWA v. BLM*, 425 F.3d at 747).  As the Tenth Circuit made clear, it is "the easement holder" who "*must exercise its rights so as not to interfere unreasonably with the rights of the owner of the servient estate*," including a requirement that the easement holder must inform the relevant federal land management agency "in advance when right-of-way holders propose to change the width, alignment, configuration, surfacing, or type of roads across federal land[.]" *SUWA v. BLM*, 425 F.3d at 747 (emphasis added); *id*. at 748 ("[W]hen the holder of an R.S. 2477 right of way across federal land proposes to undertake any improvements in the road along its right of way, beyond mere maintenance, it must [consult]"); *accord Kane County (2)*, 2024 WL 3760024, at *17 ("[I]f the counties propose to change or improve an existing R.S. 2477 road, then they are required to consult with the United States . . . .").

## II.    BLM Was Not Required to Prepare Any NEPA Analysis

SUWA also claims that BLM violated NEPA because BLM failed to prepare any NEPA analysis of the proposed improvement.  *See* Complaint at ¶¶ 49-57.  An agency must prepare a NEPA analysis for proposed major federal actions with reasonably foreseeable significant impacts on the environment.  *See, e.g.*, *Ross v. Federal Highway Admin.*, 162 F.3d 1046, 1051 (10th Cir. 1998).  In 2023, Congress revised NEPA to clarify those circumstances in which an agency is not required to prepare an environmental document.  *See* 42 U.S.C. § 4336(a).  In particular, NEPA does not apply when "the proposed agency action is a nondiscretionary action with respect to which such agency does not have authority to take environmental factors into consideration in determining whether to take a proposed action." *Id.* § 4336(a)(4).  Further, NEPA's definition of "major Federal action" as "an action that the agency carrying out such action determines is subject to substantial Federal control and responsibility . . . [and] does not

include – a non-Federal action . . . where a Federal agency cannot control the outcome of the project[.]" *Id.* § 4336e(10); *see also Village of Los Ranchos de Albuquerque v. Barnhart*, 906 F.2d 1477, 1482 (10th Cir. 1990) (concluding there was no major federal action and thus no NEPA requirement where "there [was] no evidence that the federal government had the actual power to control [a state sponsored bridge project]").  An agency must have the discretion to take the action in question for a "major federal action" to exist.  *See Dep't of Transp. v. Pub. Citizen*, 541 U.S. 752, 763-64, 769-70 (2004); *see also Hodel*, 848 F.2d at 1089 (noting that NEPA requires "an agency's authority to influence significant nonfederal activity" -- "[t]his influence must be more than the power to give nonbinding advice to the nonfederal actor").

The Tenth Circuit has already analyzed when NEPA requirements will apply in the context of a proposed improvement to an R.S. 2477 ROW.  *Hodel*, 848 F.2d at 1089.  Generally, they do not.  While BLM may undertake "several actions to ensure that the County's construction proposal did not exceed the scope of the R.S. 2477 right-of-way through public lands[,]" that is insufficient to trigger NEPA analyses, because such activities are "consistent with BLM's duty to insure that the County does not act outside its authority or beyond the boundaries of its right-of-way."  *Id.* at 1090.

But, as noted above, the Tenth Circuit has recognized that FLPMA imposes a duty on BLM to ensure that improvements to R.S. 2477 rights-of-way do not unduly degrade a WSA.  And, in *Sierra Club v. Hodel*, the court held that BLM's responsibility to impose an alternative it deems less degrading to a WSA is sufficient to trigger NEPA, because those circumstances "inject[] an element of federal control for required action that elevates this situation to one of major federal action."  *Id.* at 1090-91.  In this way, SUWA's NEPA and FLPMA claims are

inextricably intertwined because NEPA would only be triggered if Section 603(c) of FLPMA been triggered.

Unlike in *Hodel*, however, the proposed Hole-in-the-Rock Road improvements do not border on any WSA. *Compare* Complaint, Exh. 1 (Dkt. No. 61-1 at 4) *with Hodel*, 848 F.2d at 1085 (noting that approximately thirty percent of the proposed improvement was bounded by two WSAs). Therefore, as discussed above, FLPMA § 603(c) duties are not triggered and, in turn, NEPA was not triggered here. Accordingly, SUWA's NEPA claim can be dismissed.

**III.    The RMP is Inapplicable to Garfield County's Adjudicated R.S. 2477 Right-of-Way**

SUWA also brings a distinct FLPMA claim that is based on a fundamental misunderstanding of the area's Resource Management Plan (RMP). SUWA is correct that the applicable RMP has a provision (TTM-007) that would have been relevant to improvements to the Hole-in-the-Rock Road *before* that right-of-way was adjudicated by a court. *See* Complaint at ¶ 71 and Ex. 9. But SUWA misunderstands the effect and applicability of this provision. This RMP, dated January 6, 2025, was written when Garfield County's and the State of Utah's claim to the Hole-in-the-Rock Road was unadjudicated. And the provision applies in that context.

But the RMP also recognizes the possibility of future adjudicated R.S. 2477 rights-of-way, which is exactly what happened here. The RMP provides, "[i]f it is determined that the State or counties possess a valid existing R.S. 2477 ROW . . . the management actions in this RMP are subject to that ROW." GSENM RMP at 1-6. And that provision in the RMP is consistent with 43 U.S.C. § 1701(a), which provides that "[n]othing in this Act, or in any amendment made by this Act . . . , shall be construed as terminating any valid lease, permit, patent, right-of-way, or other land use right or authorization existing on the date of approval of this Act . . . ."). Here, there is no dispute that title to the HITR Road has now been adjudicated. *See* Complaint at ¶ 4. Thus, TTM-007 no longer applies to this R.S. 2477 right-of-way. Given

the changed legal circumstances, the consultation process for improving the adjudicated HITR

R.S. 2477 right-of-way is dictated by *SUWA v. BLM*, and there is no dispute that this process was

followed by Garfield County and BLM.  *See, e.g., id*. at Ex. 1; *see also* Pl.'s Mot. to Stay

Proceedings (Dkt. No. 37) at 4-5; Pl.'s Notice of Suppl. Evidence in Supp. of Emergency Mot.

for a Status Conference (Dkt. No. 52-1), Ex. 1.  Therefore, this second FLPMA claim can also be

dismissed.

RESPECTFULLY SUBMITTED this 20th day of July, 2026.

ADAM R. F. GUSTAFSON
Principal Deputy Assistant Attorney General

 */s/ Joseph H. Kim*
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0207

*Attorneys for the United States*

Of Counsel:
Michael D. Smith
Office of the Solicitor
Elizabeth A. Schulte
Office of the Regional Solicitor
U.S. Department of the Interior