Stephen H.M. Bloch (#7813)
Hanna Larsen (#18458)
SOUTHERN UTAH WILDERNESS
ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
Telephone: (801) 486-3161
steve@suwa.org
hanna@suwa.org

*Attorneys for Plaintiff*
*Southern Utah Wilderness Alliance*

Mitch M. Longson (#15661)
MANNING CURTIS BRADSHAW
& BEDNAR PLLC
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 363-5678
mlongson@mc2b.com

Trevor J. Lee (#16703)
HOGGAN LEE HUTCHINSON
257 East 200 South, #1050
Salt Lake City, UT 84111
Telephone: (435) 615-2264
trevor@hlh.law

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SOUTHERN UTAH WILDERNESS ALLIANCE**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES BUREAU OF LAND MANAGEMENT** *et al.*, <br><br> Defendants <br><br> and <br><br> **GARFIELD COUNTY, UTAH** *et al.*, <br><br> Intervenor-Defendants. | **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' RESPONSE TO INTERVENORS' MOTION TO DISMISS [ECF NO. 78]** <br><br> Case No. 2:26-cv-00096-AMA-PK <br><br> District Judge Ann Marie McIff Allen <br> Magistrate Judge Paul Kohler |

Plaintiff Southern Utah Wilderness Alliance ("SUWA") respectfully moves the Court to strike Federal Defendants Bureau of Land Management *et al.*'s (collectively "BLM") Response to Intervenors' Motion to Dismiss (ECF No. 78) on the grounds that it violates DUCivR 7-

1(a)(3). In the alternative, SUWA respectfully requests that the Court grant SUWA leave to file a response addressing the arguments in BLM's Response and consider SUWA's supplemental response when evaluating Intervenor-Defendants Garfield County *et al.*'s (collectively "Garfield County") Motion to Dismiss (ECF No. 74).

**BACKGROUND**

SUWA filed its Amended and Supplemental Complaint ("Complaint") on May 18, 2026. *See generally* ECF No. 61. On June 22, 2026, Garfield County filed its Motion to Dismiss alleging the Court lacks subject matter jurisdiction and SUWA's Complaint failed to state a claim upon which relief can be granted. *See generally* ECF No. 74. That same day, BLM filed its Response to the Complaint pursuant to DUCivR 7-4(b)(2)(B) (*i.e.*, BLM's answer to the Complaint) wherein BLM "den[ied] all violations of federal law alleged in Plaintiff's Complaint, den[ied] the allegations underlying Plaintiff's claims that federal laws have been violated, and den[ied] that any alleged agency action is arbitrary and capricious or otherwise in violation of the [Administrative Procedures Act]." ECF No. 75 at 1-2.

On July 20, 2026, both BLM and SUWA filed their Responses to Garfield County's Motion to Dismiss. *See generally* ECF Nos. 78, 79. SUWA opposed dismissal for the reasons stated in its Response. For its part, BLM's Response stated that it "agree[s] that the Complaint can be dismissed for failure to state a claim upon which relief can be granted," ECF No. 78 at 1, but then proceeded to make additional, distinct arguments that go beyond those raised by Garfield County under Rule 12(b)(6). *Compare, e.g.*, ECF No. 78 at 2 (arguing that BLM only needed to comply with the consultation requirements in *Southern Utah Wilderness Alliance v. Bureau of Land Management* ("*SUWA*"), 425 F.3d 735 (10th Cir. 2005), and did not need to

comply with statutory requirements under the Federal Land Policy and Management Act ("FLPMA") and the National Environmental Policy Act ("NEPA")) *with* ECF No. 74 at 17 (arguing there is no final agency action and SUWA was attempting to "enforce the common law through the APA"); ECF No. 78 at 4 (arguing that FLPMA's mandate to "prevent unnecessary or undue degradation ['UUD']," 43 U.S.C. § 1732(b), is inapplicable because "this case involves an existing easement under R.S. 2477, rather than 'managing the public lands . . . through easements, permits, leases, licenses, published rules, or other instruments[.]'") *with* ECF No. 74 at 17-18 (arguing FLPMA does not apply because there is no final agency action).

Because BLM filed its response the same day SUWA's response was due, SUWA did not have the opportunity to respond to the additional arguments for dismissal that BLM raised. Absent relief from this Court, SUWA will not have opportunity to respond to those arguments.

## ARGUMENT

DUCivR 7-1(a)(3) provides that "[a] party may not make a motion . . . or a cross-motion in a response or reply," and that "[a]ny motion must be separately filed." The rule prevents a party from using a response or reply to inject affirmative requests for relief, or new and independent grounds for relief, because doing so "denies [the opposing party] a right to respond and offer its own arguments." *ACT Educ. Corp. v. Hildebrandt*, No. 2:24-cv-00703-JNP-CMR, 2025 U.S. Dist. LEXIS 21253, *9 (D. Utah Oct. 27, 2025). Simply put, responsive briefing is confined to the subject and grounds raised in the relevant motion. A party wishing to raise additional arguments must do so in its own, separately filed, motion.

BLM's Response should be struck because it does not merely support the grounds for dismissal raised by Garfield County, it advances <u>distinct</u> legal arguments and urges the Court to

dismiss SUWA's claims on grounds that SUWA has not had the opportunity to rebut. Consequently, BLM's Response substantively functions as a new motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), despite being labeled as a "response."

BLM's overarching argument is that SUWA failed to state a claim because BLM was only required to comply with the consultation paradigm in *SUWA*, and not the substantive and procedural requirements in FLPMA or NEPA. ECF No. 78 at 2-3. Garfield County, however, argues SUWA failed to state a claim because there is no final agency action, and that SUWA was instead attempting to enforce the common law. ECF No. 74 at 16-17.

BLM also introduces a textual argument that Garfield County does not make: that SUWA's FLPMA claim alleging a failure to prevent UUD, as required by 43 U.S.C. § 1732(b), fails because that requirement does not apply—at all—to an adjudicated R.S. 2477 ROW. BLM asserts that § 1732(b) governs BLM's management of public lands "through easements, permits, leases, licenses, published rules, or other instruments," and an adjudicated ROW is none of those things. ECF No. 78 at 3. Indeed, Garfield County does not even cite § 1732(b), let alone argue how it may—or may not—apply to SUWA's claims. Instead, Garfield County argues that the "actions [SUWA] cites as the basis for its [UUD] claim are not required by statute or regulation, but are derived from [*SUWA*]." ECF No. 74 at 17.

Notably, BLM's arguments in this respect do not expand on or further emphasize what Garfield County argues in its Motion to Dismiss. Garfield County asks the Court to dismiss the Complaint on the grounds that SUWA's claims are not reviewable because there is no final agency action and SUWA's claims stem from BLM's obligations under common law, not its statutory obligations. BLM, on the other hand, argues that while it generally must comply with

FLPMA and NEPA, those statutes are not applicable in this case. BLM's Response therefore puts separate and additional arguments before the Court as to the reasons why (according to BLM) SUWA's Complaint fails to state claim upon which relief can be granted. But because these arguments were advanced in a response to Garfield County's Motion to Dismiss, and not in BLM's own motion, SUWA will not have the opportunity to rebut them (absent relief from this Court) and BLM's Response effectively functions as an improper motion for dismissal that violates DUCivR 7-1(a)(3). *Cf.*, *ACT Educ. Corp.*, 2025 U.S. Dist. LEXIS 21253, at \*9 (explaining that "Defendant's Opposition, despite its name, is substantively an improper motion for stay of discovery" because he asserted that discovery should be stayed); *Harris v. Was. Cnty.*, No. 4:25-cv-00018-AMA-PK, 2026 U.S. Dist. LEXIS 63382, \*5 (D. Utah Mar. 24, 2026) (stating that "to the extent Defendants seek to assert a motion for sanctions in their response, such action is precluded under [DUCivR 7-1(a)(3)]").

BLM's Response should be stricken for failure to adhere to DUCivR 7-1(a)(3). Alternatively, SUWA requests leave to file a response to the distinct arguments raised in BLM's Response within fourteen days of an order on this motion.[1]

**CONCLUSION**

For the foregoing reasons, SUWA respectfully requests that the Court strike BLM's Response, or at least the portions identified above that raise new arguments not included in Garfield County's Motion to Dismiss, as an improper motion masquerading as a response in

---

[1] Garfield County's reply deadline, August 3, 2026, would be unaffected by this additional brief because Garfield County is limited to responding to SUWA's July 20 Response Brief (ECF No. 79) and BLM's Response Brief (if not stricken). *See* DUCivR 7-1(a)(9).

violation of DUCivR 7-1(a)(3). In the alternative, SUWA requests leave to file a response to

BLM's Response within fourteen days of an order on this motion.

DATED:        July 22, 2026

Respectfully,

*/s/ Hanna Larsen*
Stephen H.M. Bloch
Hanna Larsen
SOUTHERN UTAH WILDERNESS ALLIANCE

Trevor J. Lee
HOGGAN LEE HUTCHINSON

Mitch M. Longson
MANNING CURTIS BRADSHAW
& BEDNAR PLLC

*Attorneys for Plaintiff Southern Utah
Wilderness Alliance*