ADAM R. F. GUSTAFSON, Principal Deputy Assistant Attorney General
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0207

Attorneys for Defendant United States of America

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT, and the U.S. DEPARTMENT OF THE INTERIOR,<br><br>        Defendants,<br><br>and<br><br>GARFIELD COUNTY, UTAH, et al.,<br><br>        Intervenor-Defendants. | **DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**<br><br>Case No. 2:26-cv-00096-AMA-PK<br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

Intervenor-Defendants, the State of Utah and Garfield County, Utah, have filed a motion to dismiss.  Dkt. No. 74 ("Motion to Dismiss").  Federal Defendants (the United States Bureau of Land Management (BLM) and the United States Department of the Interior (DOI); collectively the United States) filed a response in partial support of that motion.  Dkt. No. 78 ("United States' Brief").  Now, Plaintiff Southern Utah Wilderness Alliance (SUWA) seeks to strike the United States' Brief on grounds that it violates DUCivR 7-1(a)(3).  Dkt. No. 80 ("Motion to Strike").

SUWA's Motion to Strike is baseless, and should be denied, because the United States' Brief fully complies with Local Rules. But the United States takes no position on SUWA's alternative request for leave to file a response to the United States' Brief.

## THERE IS NO VIOLATION OF DUCivR 7-1(a)(3)

SUWA's only proffered ground for its motion to strike is its contention that the United States' Brief violates DUCivR 7-1(a)(3). Motion to Strike at 1-2. But that local rule is plainly inapplicable here. As SUWA correctly recognizes, that local rule simply "provides that '[a] party may not make a motion . . . or a cross-motion in a response or reply,' and that ''[a]ny motion must be separately filed'." *Id*. at 3 (quoting DUCivR 7-1(a)(3)). This rule is inapplicable here because the United States has not brought any motion or cross-motion, and SUWA does not even attempt to argue otherwise.

Instead, SUWA contends that "BLM's Response *substantively* functions as a new motion to dismiss[.]" *Id*. at 4 (emphasis added). But that argument is premised on the incorrect notion that the United States' Brief is broader in scope than "the subject and grounds raised in the relevant motion." *Id*. at 3. The "subject" of the Motion to Dismiss is the entirety of SUWA's Amended and Supplemental Complaint for Declaratory and Injunctive Relief (Dkt. No. 61). And the Motion to Dismiss offered several "grounds." Among them is that "SUWA's FLPMA and NEPA claims must be dismissed for . . . failure to state a claim[.]" Motion to Dismiss at 16. The United States' Brief merely offered further support for that already-asserted grounds for dismissal. It is certainly not a "new or independent grounds for relief." Motion to Strike at 3 (citing to *ACT Educ. Corp. v. Hildebrandt*, No. 2:24-cv-00703-JNP-CMR, 2025 U.S. Dist. LEXIS 21253, *9 (D. Utah Oct. 27, 2025)). SUWA's few other cases are equally unhelpful. *Id*. at 5 (citing cases involving response briefs that asked for a stay of discovery, or sanction, when

no such motion was pending).  Indeed, the United States' Brief does not ask for anything.  It merely notes reasons why the dismissal sought by Intervenor-Defendants "can" be granted.  Motion to Dismiss at 1, 2, 4, 5, 8, 9.

SUWA does claim that the United States' Brief "advances distinct legal arguments[.]" Motion to Strike at 3 (emphasis in original).  But, even assuming that to be true, that does not violate DUCivR 7-1(a)(3), and SUWA does not cite to any case suggesting otherwise.  At best for SUWA, this may justify their alternative request for leave to file a response to the United States' Brief.  To the extent SUWA believes that its response to the Motion to Dismiss does not adequately address any arguments amplified by the United States' Brief, the United States has no objection to SUWA offering further briefing in an attempt to avoid dismissal.

RESPECTFULLY SUBMITTED this 3rd day of August, 2026.

ADAM R. F. GUSTAFSON
Principal Deputy Assistant Attorney General

 /s/ Joseph H. Kim
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0207

*Attorneys for the United States*

Of Counsel:
Michael D. Smith
Office of the Solicitor
Elizabeth A. Schulte
Office of the Regional Solicitor
U.S. Department of the Interior