K. TESS DAVIS (15831)
JASON L. DEFOREST (14628)
DAVID A. REAY (14764)
LAUREN K. CORMANY (19494)
Assistant Attorneys General
kaitlindavis@agutah.gov
jdeforest@agutah.gov
dreay@agutah.gov
lcormany@agutah.gov

DEREK BROWN (10476)
UTAH ATTORNEY GENERAL
1594 W North Temple
Salt Lake City, UT 84116
(801) 537-7227

*Attorneys for Intervenor-Defendants, State of Utah and Garfield County, Utah*

---

IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>　　　Plaintiff,<br><br>v.<br><br>the U.S. BUREAU OF LAND MANAGEMENT, and<br>the U.S. DEPARTMENT OF THE INTERIOR,<br><br>　　　Defendants,<br><br>AND<br><br>the STATE OF UTAH, and GARFIELD COUNTY, UTAH, a political subdivision of the State of Utah,<br><br>　　　Intervenor-Defendants. | Case No. 2:26-cv-00096<br><br>**STATE OF UTAH AND GARFIELD COUNTY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED & SUPPLEMENTAL COMPLAINT**<br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

## INTRODUCTION

Contrary to Plaintiff's assertions, this is not a "typical challenge seeking judicial review of an agency action as provided by the APA," as there is no final agency action (or inaction) in this case. Dkt. No. 79 at 2. Garfield County (the "County"), not BLM, performed roadwork on the section of Hole-in-the-Rock Road (the "Road") to which it jointly holds title with the State of Utah (the "State"). SUWA disagrees with the State, County, and Federal government's exercise of their respective property rights in managing the Road for public use. Since SUWA is itself not a property owner and therefore cannot force the parties to exercise their property rights in the way it sees fit, it attempts to shoehorn the State and County's action and informal consultation process into a federal agency action for the sole purpose of manufacturing a right to judicial review under the Administrative Procedure Act ("APA").

SUWA's effort to sue Federal Defendants under a theory of procedural violations of the Federal Land Policy and Management Act ("FLPMA") and National Environmental Policy Act ("NEPA") for the State and County's action is merely an attempt to artificially create legal rights, procedural injury, and judicial remedy where none exist. SUWA cannot establish jurisdiction and state a claim upon which relief may be granted in the operative pleading – the Amended and Supplemental Complaint. Accordingly, the State and County respectfully request this Court dismiss SUWA's case in its entirety under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## ARGUMENT

I.     **SUWA's Amended and Supplemental Complaint does not include any allegations of a concrete and particularized injury, caused by the agency, and redressable by this Court, nor does it attach or incorporate by reference any documents alleging such an injury to its members.**

SUWA argues in its Opposition that its members have suffered an injury, but it fails to include any specific allegations of harm or describe an injury to its members caused by BLM's

alleged procedural violations of NEPA and FLPMA. *See* Dkt. No. 79 at 5–8. As the State and County articulated in their Motion, the Amended and Supplemental Complaint contains no pleading of an injury to Plaintiff's members, apart from the general statement, "[t]hese actions have caused and are causing immediate and irreparable harm to SUWA and its members." Dkt. No. 61 at 14. SUWA does not attach any declarations or affidavits from its members to support this statement, nor does it describe with particularity how Federal Defendants' alleged actions (or inactions) concretely harm their interests. SUWA does not incorporate by reference or cite in its Amended and Supplemental Complaint any previously filed briefs or declarations in the record to allege an injury. Without including an injury in its pleadings, SUWA fails to meet its burden of establishing standing, and its case must be dismissed for lack of jurisdiction.

SUWA responds to this argument in a footnote by simply stating, "the court may consider documents referred to in a well-pleaded complaint[,]" continuing to reference Ms. Marienfeld's and Mr. Hanley's declarations to show that it pled a cognizable injury on behalf of its members to satisfy organizational standing requirements. Dkt. No. 79 at 6, fn. 4. SUWA then includes a string cite of five documents in the record, not a part of the operative pleading, to seemingly support its proposition that it included an injury in its Amended and Supplemental Complaint. *Id.* at 6.[1] Therein lies the issue, however. None of the documents SUWA points to are incorporated by reference or included as exhibits to the Amended and Supplemental Complaint. The documents were filed in support of past motions for emergency injunctive relief or briefing as requested by

---

[1] The documents SUWA references are Dkt No. 18-1, Decl. of Jack Hanley, attached as Ex. 1 to Pl.'s Ex Parte Mot. for TRO; Dkt. No. 18-5, Decl. of Kya Marienfeld, attached as Ex. 5 to Pl.'s Ex Parte Mot. for TRO; Dkt. 57-1, First Suppl. Decl. of Kya Marienfeld, attached as Ex. 1 to Pl.'s Standing Br.; Dkt. No. 62-1, Second Suppl. Decl. of Kya Marienfeld, attached as Ex. 1 to Pl.'s Mot. for Prelim. Inj. & TRO; Dkt. No. 57 at 5–6, Pl.'s Standing Br.

the Court to establish standing for the superseded original complaint.[2]

The Tenth Circuit has long held that an amended complaint supersedes and replaces an original complaint, and a court's consideration of a Motion to Dismiss should ordinarily be limited to documents included in the amended pleadings. *Miller v. Glanz*, 948 F.2d 1562, 1564 (10th Cir. 1991) ("In this case [at the Motion to Dismiss stage], we look to plaintiff's amended complaint filed pursuant to Rule 15(a) because the amended complaint supersedes the original . . . The district court's consideration of . . . material outside of plaintiff's amended complaint was improper when considering whether to dismiss pursuant to a 12(b)(6) motion."). The Tenth Circuit has also consistently held that documents attached to other motions in the record do not automatically become a part of the operative pleading, unless explicitly referred to in the pleadings. *See Utah Native Plant Soc'y v. U.S. Forest Serv.,* 923 F.3d 860, 865 (10th Cir. 2019). Although SUWA cites *Utah Native Plant Society* for the same proposition, its Amended and Supplemental Complaint nonetheless does not refer to, attach, or incorporate by reference any previously filed documents detailing its members' alleged injury. It has not satisfied its burden of establishing standing.

Even if the Court were to exercise its discretion and consider documents outside of the operative pleading, SUWA's members still fail to assert concrete environmental harm sufficient to establish Constitutional standing. SUWA argues that Ms. Marienfeld's and Mr. Hanley's declarations describe harm to their environmental and aesthetic interests. *See* Dkt. 79 at 6. However, SUWA's members do not adequately describe an injury to their aesthetic or environmental interests, but rather state that the Road's improved safety and durability *might* lead

---

[2] SUWA significantly changed its case when it amended its pleadings, and the prior briefing on standing related entirely to the original complaint. In its amended pleadings, SUWA removed the State and County as defendants, removed its federal common law claim, added claims under NEPA, changed its claims under FLPMA to include a land use plan, and challenged BLM's consultation rather than the purported lack thereof. *Compare* Dkt. No. 1, *with* Dkt. No. 61.

to more recreationists in the area, whose conduct *might* disturb their own recreation. *See* Decl. of Jack Hanley, Dkt. No. 18-1 at 4, 13; *see* First Suppl. Decl. of Kya Marienfeld, Dkt. No. 57-1 at 2. This attenuated causal chain merely reflects a desire to prevent more visitors from accessing the areas surrounding the Road, and fails to provide information regarding how BLM's alleged failure to comply with NEPA and FLPMA procedure harms the environment. This is not an injury in fact sufficient to confer standing. SUWA's responses to the State and County's arguments regarding causation and redressability are similarly unavailing as they are entirely based on the incorrect premise that SUWA has standing to challenge the State and County's roadwork or BLM's conduct in this case through the APA.[3] SUWA's case must be dismissed for lack of Constitutional standing.

II.   **SUWA violates the prudential standing doctrine as it has no legal rights and interests of its own in this case, under the APA or otherwise.**

In its briefing, SUWA argues that the State and County's prudential standing argument "ignores the entire purpose of the APA's waiver of sovereign immunity and judicial review provisions, as well as the scope of review available under the APA." Dkt. No. 79 at 10. While Plaintiff is correct that the APA provides a legal right to judicial review of agency decisionmaking where none otherwise exists, *see* 5 U.S.C. §§ 702, 704, SUWA ignores a key point the State and County make in their prudential standing argument. To bring a claim under the APA, there must be a final agency action for this Court to review and set aside and, in this case, an applicable law for the Court to consider whether the agency violated. *Norton v. S. Utah Wilderness All.*, 542 U.S.

---

[3] In its redressability argument, SUWA stretches the court's holding in *Dine Citizens Against Ruining Our Environment v. Bernhardt*, 923 F.3d 831 (10th Cir. 2019) to include not only "NEPA procedures," but also "FLPMA procedures." *See* Dkt. No. 79 at 8–9 ("However, 'a plaintiff need not establish that the ultimate agency decision would change upon NEPA [and/or FLPMA] compliance. Rather the plaintiff must only show that its injury would be redressed by a favorable decision requiring compliance with NEPA [and FLPMA] procedures.'"). SUWA added FLPMA to the quotation, but in *Dine* the Tenth Circuit did not analyze FLPMA procedures or aver that it's holding as to NEPA extended to FLPMA.

55, 61–63 ("[T]he agency action complained of must be *final* agency action.") (internal quotations omitted); *S. Utah Wilderness All. v. U.S. Bureau of Land Mgmt.*, 551 F.Supp.3d 1226, 1231 (D. Utah 2021) ("[T]here is no right to sue for a violation of the APA in the absence of a relevant statute whose violation forms the basis for the complaint.") (cleaned up). Neither exist here, as the State and County funded and performed the roadwork, BLM's letter describing the project as "reasonable and necessary" is not a final agency action, and there are no statutory procedures that BLM failed to perform. Without the APA, SUWA has no legal rights or interests of its own.

Despite SUWA's effort to style this as an APA case against the United States, SUWA's true objective is to prevent the State and County from performing roadwork on their adjudicated right-of-way. *See* Dkt. No. 61 at 22 ("[a]ward injunctive relief instructing BLM to prohibit Garfield County from proceeding with further road improvements on the Hole-in-the-Rock Road until BLM has complied with its duties under FLPMA, NEPA, federal common law, and the APA."). Since it has not properly pled a case under the APA, SUWA is left in the same position as the complainant in *The Wilderness Society v. Kane County, Utah*, 632 F.3d 1162 (10th Cir. 2011), attempting to vindicate federal property rights and similarly running afoul of the prudential standing doctrine.

**III.    All three of SUWA's claims fail to invoke this Court's jurisdiction or state a claim upon which relief can be granted under either APA § 706 provision governing scope of judicial review: 1) "compel agency action unlawfully withheld" or 2) "set aside agency action as arbitrary and capricious."**

Finally, the State and County are well aware that SUWA amended its complaint to seek judicial review under APA § 706(2)(A) (set aside agency action as arbitrary and capricious) after the Court noted in its February 10, 2026 Order that "while SUWA also asserts that the BLM and DOI have violated the APA, it does not specify which provision of that statute has been breached." Order Den. Pl.'s Mot. for Ex Parte TRO, Dkt. No. 29 at 5, fn. 20. Contrary to Plaintiff's assertions, the State and County did not overlook which provision SUWA "actually sued under" (once Plaintiff

6

amended its pleadings to "actually" include an APA provision), and Intervenor-Defendants did not limit their request for dismissal to APA § 706(1) (compel agency action unlawfully withheld). Dkt. No. 79 at 13. The State and County moved to dismiss Plaintiff's APA claims, in good faith, and in accordance with the way SUWA styled and pleaded its case in the Amended and Supplemental Complaint,[4] by including argument for dismissal based on a failure to identify a final agency action to establish standing under either APA § 706 provision governing scope of judicial review, and failure to identify any law BLM violated.

That said, SUWA has made clear it does not wish to compel agency action; it wishes only to invoke the Court's jurisdiction pursuant to § 706(2)(A),[5] by stating from the outset of its Response: "SUWA has stated a claim upon which relief may be granted because the Determination is a final agency action that may be challenged under the Administrative Procedures [sic] Act." Dkt. No. 79 at 1. Plaintiff incorrectly asserts that Intervenor-Defendants' argument in their Motion to Dismiss is "fundamentally flawed" because it includes an argument for dismissal based entirely

---

[4] SUWA uses mixed language and terms of art from both § 706 scopes of judicial review in its pleadings but cites only to § 706(2)(A). *See* Dkt. No. 61 at 16–22 (repeatedly including iterations of the phrase "failure to act" in its causes of action). It also asks this Court to provide not only declaratory relief, but also injunctive relief by "[e]njoin[ing] BLM's Determination and decision authorizing Garfield County to chip seal the Hole-in-the-Rock Road; [and] [a]ward[ing] injunctive relief instructing BLM to prohibit Garfield County from proceeding with further road improvements on the [Road] until BLM has complied with its duties under FLPMA, NEPA, federal common law, and the APA." *See id.* at 22. The Supreme Court has made clear that judicial relief for "failure to act" is found in APA § 706(1) (compel agency action unlawfully withheld). *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 62 (2004). The State and County chose to take an expansive view of SUWA's pleadings, recognizing the use of terms of art from both § 706 standards, and giving Plaintiff the benefit of the doubt.

[5] Plaintiff further muddies the waters by continuing to use the phrase "failure to act" in its briefing. *See e.g.* Dkt. No. 79 at 12 ("[SUWA] is seeking to remedy the harm to its own interests that were injured by <u>BLM's</u> failure to comply with NEPA, FLPMA, and the APA."); *id.* at 14 ("BLM's Determination is a final agency action with respect to . . . its decision not to consult, conduct the requisite NEPA analysis, or ensure its decision complied with BLM's FLPMA duties[.]").

on "failure to act" jurisprudence. Dkt. No. 79 at 12. The State and County, however, also moved for dismissal on the basis that SUWA failed to meet the threshold APA standing requirements to sue under any § 706 scope of review because it failed to identify a final agency action. *See e.g.* Mot. to Dismiss, Dkt. No. 74 at 16. ("SUWA fails to identify a 'final agency action' or state a claim upon which relief may be granted under its FLPMA and NEPA claims."). Further, as is the case under § 706(1), to state a claim upon which relief can be granted under § 706(2)(A), there must still be "law to apply," or a plausible allegation that the agency violated applicable law.

Without first meeting its threshold burden of proving that BLM performed a "final agency action" under the APA, SUWA cannot invoke this Court's jurisdiction under either the "compel agency action unlawfully withheld" or "arbitrary and capricious" scopes of review under APA § 706. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 882 (1990) ("[U]nder the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'"). SUWA posits that the letter BLM sent to the State and County after the parties completed consultation for the most recent proposed roadwork on the Road is a final agency action subject to judicial review. *See* Dkt. 61 at ¶ 9.

However, SUWA mischaracterizes BLM's letter; it is not a permit, authorization, or any other form of final agency action announcing the culmination of the agency's decisionmaking from which legal consequences flow. *Bennett v. Spear*, 520 U.S. 154, 177–78 ("[T]wo conditions must be satisfied for agency action to be final: First, the action must mark the consummation of the agency's decisionmaking process . . . And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.") (internal citations and quotations omitted). To begin, there is no "decisionmaking process" that a determination could "mark the consummation of" since the BLM does not have the authority to

"authorize" or "permit" roadwork that falls within a right-of-way held by the State and County. Since the State and County hold title, they do not need a permit or authorization from BLM to perform roadwork within the scope of their right-of-way. Further, BLM's letter did not change the respective property rights of the parties; it merely served as an acknowledgement that the current roadwork did not extend beyond the right-of-way, thereby not interfering with the rights of the servient estate. As a result, Plaintiff's reliance on *Burr Trail* is misplaced. *See* Dkt. No. 79 at 14–18 (citing *SUWA v. DOI ("Burr Trail")*, 44 F.4th 1264 (10th Cir. 2022)). In the present case, BLM's process did not require an internal determination as to ownership because ownership of the Road had already been adjudicated. BLM's letter therefore does not qualify as a final agency action subject to judicial review under the APA.

Further, for the same reasons discussed in the State and County's Motion as to § 706(1), there are no procedures in FLPMA or NEPA that the agency failed to perform that would provide SUWA with a plausible basis to invoke this Court's jurisdiction to set aside agency action as not in accordance with the law. Again, for SUWA's first cause of action, there is no law to apply, as NEPA is inapplicable to roadwork performed by the County, which the federal agency exercised no significant control over. For the same reasons there is no "final agency action" under the APA in this case, there is also no "major federal action" triggering NEPA. In *Sierra Club v. Hodel*, the Tenth Circuit made clear that "monitoring activities to prevent the County from exceeding its authority to improve or constructing outside of its right-of-way do not amount to authority to regulate or approve significant aspects of the Burr Trail Construction," thereby not qualifying as a major federal action under NEPA. 848 F.2d 1068, 1090 (10th Cir. 1988) ("We are not persuaded, however, that these activities, standing alone, constitute major federal action. . . When dealing with defining boundaries of public lands or existing rights-of-way, BLM has no power to designate

alternatives or deny nonfederal actors a course of action.").

SUWA is correct that the *Hodel* court found that BLM would exercise "significant control" over the Burr Trail project, triggering the need for NEPA review, if it imposed alternatives to the County's roadwork in accordance with its obligation to prevent undue degradation to a Wilderness Study Area ("WSA"). *Id*. ("We do find a major federal action, however, in another aspect of BLM's responsibilities under FLPMA . . . to prevent unnecessary degradation of WSAs from these changes in the right-of-way, injects an element of federal control for required action that elevates this situation to one of a major federal action."). Unlike the Burr Trail project in *Hodel*, the relevant segment of Hole-in-the-Rock Road never runs through, abuts, or otherwise affects a WSA.[6] In the case at hand, BLM "monitored" the State and County's project on the Road through consultation and concluded that such actions did not exceed the scope of the adjudicated right-of-way. Like in *Hodel*, such actions, standing alone, do not constitute a major federal action triggering NEPA.

As for its second cause of action, SUWA insists that it is not attempting to either enforce the common law consultation paradigm established in *SUWA v. BLM*, 425 F.3d 735, 748–49 (10th Cir. 2005) or FLPMA's broad statutory mandates through the APA. *See* Dkt. No. 79 at 20–21. However, it still cites no procedure or specific action in FLPMA that the agency failed to perform in violation of its statutory duties. The only statutory provisions it cites to support its allegations are the general "unnecessary and undue degradation" mandate for all public lands in FLPMA at 43 U.S.C. § 1732(b) and the inapplicable[7] "non-impairment" standard for WSAs in FLPMA at 43

---

[6] Again, SUWA incorrectly asserts that the roadwork affects the North Escalante Canyons/The Gulch WSA and other "wilderness-quality lands." *See* Dkt. No. 79 at 25. The segment of the Road at issue in this case does not run through or otherwise abut any WSAs.

[7] This provision of FLPMA is inapplicable as the segment of the Road does not abut or pass through a WSA. Additionally, SUWA fails to include this particular provision as a basis for its allegation that BLM failed to comply with FLPMA in its pleadings. *See* Dkt. No. 61 at 18–20.

U.S.C. § 1782(c). Dkt. No. 79 at 20. The "procedure" SUWA reads into FLPMA's unnecessary and undue degradation standard exists nowhere in the statute itself, thereby preventing Plaintiff from plausibly alleging a violation of law. *See* Dkt. No. 79 at 20–21; *S. Utah Wilderness All. v. U.S. Bureau of Land Mgmt.*, 551 F.Supp.3d 1226, 1231 ("Because 'law' under the APA is a 'relevant statute,' the United States Supreme Court has precluded federal courts from imposing additional requirements upon a federal agency that a 'relevant statute' does not require.").

Finally, for its third cause of action, SUWA cites FLPMA § 1732(a) and the requirement in its implementing regulations that BLM's actions must conform to its resource management plans. *See* Am. Suppl. Compl., Dkt. No 61 at ¶ 75. However, SUWA fails to identify a land management provision BLM violated, as the cited Grand Staircase-Escalante National Monument ("GSENM") Management Plan provision it cites is inapplicable to adjudicated rights-of-way.[8] SUWA argues that whether the management provision applies to the Road is a "merits argument." Dkt. No. 79 at 22. However, without citing a management provision that applies to the Road, SUWA has failed to plausibly allege that BLM violated FLPMA under its third cause of action.

## CONCLUSION

For the foregoing reasons, SUWA has failed to satisfy its burden of proving that it has standing to bring its APA claims. It has additionally failed to state claims upon which relief can be granted by this Court under its APA claims. Accordingly, the case must be dismissed in its entirety in accordance with Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

DATED this 13th day of August 2026.

---

[8] The GSENM Management Plan is subject to valid existing rights, making the cited provision inapplicable to the Road. *See* U.S. Dep't of Interior, Bureau of Land Mgmt., GSENM Record of Decision & Approved Resource Management Plan at 1-6. Additionally, it is worth noting that as of July 13, 2026, Hole-in-the-Rock Road and the public land surrounding it are no longer within the boundaries of GSENM. *See* Proclamation No. 11044, 91 Fed. Reg. 45179 (July 13, 2026).

_/s/ Lauren K. Cormany_
Lauren K. Cormany
K. Tess Davis
Jason L. DeForest
David A. Reay
Assistant Attorneys General
Utah Attorney General's Office

_Attorneys for Intervenor-Defendants State of
Utah and Garfield County, Utah_

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2026, the undersigned electronically filed the foregoing **STATE OF UTAH AND GARFIELD COUNTY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED & SUPPLEMENTAL COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of this filing to all counsel of record.

/s/ Lauren K. Cormany
Lauren K. Cormany