Stephen H.M. Bloch (#7813)
Hanna Larsen (#18458)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
Telephone: (801) 486-3161
steve@suwa.org
hanna@suwa.org

Mitch M. Longson (#15661)
Trevor J. Lee (#16703)
MANNING CURTIS BRADSHAW & BEDNAR PLLC
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 363-5678
mlongson@mc2b.com
tlee@mc2b.com

*Attorneys for Plaintiff Southern Utah Wilderness Alliance*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **SOUTHERN UTAH WILDERNESS ALLIANCE,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES BUREAU OF LAND MANAGEMENT** *et al.*,<br><br>Defendants,<br><br>and<br><br>**GARFIELD COUNTY, UTAH** *et al.*,<br><br>Intervenor-Defendants. | **PLAINTIFF'S MOTION FOR STATUS CONFERENCE**<br><br>Case No. 2:26-cv-00096-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

Plaintiff Southern Utah Wilderness Alliance ("SUWA") respectfully requests that the Court hold a status conference at the Court's earliest convenience in light of new information pertaining to Intervenor-Defendants Garfield County, Utah *et al.*'s (collectively "Garfield County") recently announced plans to further improve the Hole-in-the-Rock Road (the "Road").

Federal Defendants Bureau of Land Management *et al.* (collectively, "BLM") do not oppose this motion but request the opportunity to coordinate on setting a date for the status conference. Garfield County takes no position on this motion.

## BACKGROUND

This case challenges BLM's failure to comply with its obligations under the Federal Land Policy and Management Act ("FLPMA"), the National Environmental Policy Act ("NEPA") and binding Tenth Circuit precedent prior to issuing its Reasonable and Necessary Determination (the "Determination") on May 7, 2026 that formally authorized Garfield County's road improvement activities on ten miles of the Road.

Despite not receiving authorization from BLM to undertake its proposed road improvements, beginning on January 30, 2026 and continuing for several months Garfield County constructed extensive improvements to the first ten miles of the Road, such as widening and realigning the Road, adding new road base, and installing new culverts and other drainage features. Several aspects of the County's road work unquestionably constituted "improvements" that trigger the County and BLM's pre-work consultation obligations under *Southern Utah Wilderness Alliance v. Bureau of Land Management* ("*SUWA*"), 425 F.3d 735 (10th Cir. 2005). After BLM issued the Determination, the County upgraded the surface of the first ten miles of the Road from dirt and gravel to chip seal (similar to asphalt).

With respect to all improvements other than the chip sealing, BLM did nothing to stop the County from constructing the improvements to the Road, even though the required consultation had not occurred. *See* ECF No. 61-7. Regarding the chip sealing, BLM and the County eventually acknowledged (after SUWA filed this lawsuit) the need to consult, and for

BLM to issue a reasonable and necessary determination approving the proposed chip sealing before Garfield County could lawfully begin the work. BLM issued its Determination authorizing the County to chip seal the first ten miles of the Road on May 7, 2026. *See* ECF No. 61-1. The Determination did not address any of the other completed or then-ongoing improvements, nor did it contemplate any improvements (chip sealing or otherwise) to the remaining five miles of the Road located within Garfield County. *Id.* Crucially, the Determination did not explain how BLM's decision to allow the chip sealing complies with BLM's duties and obligations under NEPA or FLPMA and its implementing regulations.

Garfield County finished chip sealing the first ten miles of the Road on or about May 22, 2026.

**PROCEDURAL POSTURE**

SUWA filed its Amended and Supplemental Complaint ("Complaint") on May 18, 2026. *See generally* ECF No. 61. On June 22, 2026, Garfield County filed its Motion to Dismiss alleging the Court lacks subject matter jurisdiction and that SUWA's Complaint failed to state a claim upon which relief can be granted. *See generally* ECF No. 74. That same day, BLM filed its Response to the Complaint pursuant to DUCivR 7-4(b)(2)(B). ECF No. 75 at 1-2. On July 20, 2026, both BLM and SUWA filed their Responses to Garfield County's Motion to Dismiss. *See generally* ECF Nos. 78, 79. Two days later, on July 22, SUWA filed a Motion to Strike BLM's Response to Garfield County's Motion to Dismiss on the grounds that BLM's Response sought affirmative relief based on additional, distinct arguments beyond the scope of those raised by Garfield County under Rule 12(b)(6). ECF No. 80. BLM filed its response to SUWA's Motion to Strike on August 3, ECF No. 82, and in lieu of a reply, SUWA filed a Request to Submit for

Decision on August 6. ECF No. 83. Finally, on August 13, 2026, Garfield County filed its Reply in Support of its Motion to Dismiss. ECF No. 84. Both the County's Motion to Dismiss and SUWA's Motion to Strike remain pending before this Court.

**RECENT DEVELOPMENTS WARRANTING A STATUS CONFERENCE**

Since briefing on Garfield County's Motion to Dismiss concluded in mid-August, SUWA has learned of two new developments that significantly affect the trajectory of this case. *First*, Garfield County has announced that it plans to continue working on and improving the Road early next year, including by installing box culverts at Tenmile and Twentymile washes, and chip sealing the remainder of the Road down to the Kane County line. Garfield Cnty. Comm'n, Sept. 28, 2026 Commission Meeting, at 00:25:03-00:26:13 (Sept. 28, 2026), *available at* https://www.utah.gov/pmn/files/1495175.mp3 (last visited Oct. 14, 2026); Kathryn Chamberlain, *Garfield County Commission Sept. 28, 2026*, The Insider, Oct. 6, 2026 (last visited Oct. 14, 2026). Installing box culverts (similar to a concrete bridge) where no such culverts currently exist are improvements that likewise require consultation with and approval from BLM prior to their installation.[1] *SUWA*, 425 F.3d at 749. However, given Garfield County and BLM's knowing decisions not to consult on the new culverts installed on the Road earlier this year, SUWA anticipates that BLM and the County will once again ignore *SUWA* and not consult on Garfield County's proposal to install box culverts at Tenmile and Twentymile washes and other related road improvements.

---

[1] Even if there are existing standard cylindrical (pipe) culverts at these locations, box culverts are a much larger, more permanent type of culvert that require vertically realigning the road. Thus, installing a box culvert where one does not currently exist does not "preserv[e] the *status quo*" and is an improvement that requires advance consultation between Garfield County and BLM. *SUWA*, 425 F.3d at 749.



*Cylindrical Pipe Culvert Example*




*Box Culvert Example*

*Second*, Garfield County applied for an Outdoor Recreation Mitigation Grant to secure additional funding to further improve the Road. Garfield Cnty. Comm'n, Aug. 24, 2026 Commission Meeting, at 00:38:38-00:39:13 (Aug. 24, 2026), *available at* https://www.utah.gov/pmn/files/1479883.mp3 (last visited Oct. 14, 2026); Garfield Cnty. Comm'n, Oct. 12, 2026 Commission Meeting, at 00:32:57-00:33:59 (Oct. 12, 2026), *available at* https://www.utah.gov/pmn/files/1500379.mp3 (last visited Oct. 14, 2026). The Outdoor Recreation Mitigation Board is currently in the process of reviewing the grant applications and grants are expected to be awarded by the end of the year. *See generally* Outdoor Recreation Mitigation Board, Oct. 15, 2026 Board Meeting (Oct. 15, 2026), *available at* https://www.youtube.com/watch?v=scy9kueZe_o (last visited Oct. 15, 2026).

SUWA requests a status conference to discuss Garfield County's plans to further improve the Road, including whether and to what extent Garfield County and BLM intend to consult over the County's additional proposed improvements, as well as the motions currently pending before the Court. Additionally, SUWA believes it would be prudent to discuss a briefing schedule to allow for timely resolution of SUWA's claims before Garfield County endeavors to make additional improvements to the Road, should the Court deny Garfield County's Motion to Dismiss. SUWA may be able to forgo seeking leave to further supplement its complaint and pursue preliminary injunctive relief with respect to additional improvements to the Road if the parties can agree to a briefing schedule that provides for timely resolution of SUWA's existing claims before any additional improvements to the Road may be allowed. This approach would be most efficient, saving all parties and the Court significant time and resources.

**CONCLUSION**

For the foregoing reasons, SUWA respectfully asks the Court to hold a status conference at the Court's earliest convenience to discuss the pending motions, Garfield County's plans to further improve the Road, including whether BLM and the County intend to consult on future proposed improvements such as the box culvert installations, and scheduling the next steps in the case.

DATED: October 16, 2026

Respectfully,

*/s/ Hanna Larsen*
Stephen H.M. Bloch
Hanna Larsen
SOUTHERN UTAH WILDERNESS ALLIANCE

Mitch M. Longson
Trevor J. Lee
MANNING CURTIS BRADSHAW
& BEDNAR PLLC

*Attorneys for Plaintiff Southern Utah Wilderness Alliance*